ACCEPTED
01-17-00716-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/22/2018 4:25 PM
CHRISTOPHER PRINE
CLERK

RR693924673US-003.2 Land Trust

01-17-00716-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/22/2018 4:25:24 PM

CHRISTOPHER A. PRINE
Clerk

IN THE
COURT OF APPEALS
FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS
301 Fannin Street, Houston Texas 77002-2066
http:www.txcourts.gov/1stcoa.aspx
713-274-2700

## RR693924673US-003.2 Land Trust

**Jennifer Ann Larkins - Ruby**

*Appellant*

**V.**

**AUSTIN COUNTY, *ET AL***

**and**

**CENTERPOINT ENERGY**

*Appellees*

On Appeal from the 155th Judicial District Court of Austin County, Texas

Trial Court Case(s)
Primary Cause Number 2017v-0103, a Suit in Equity, and
Related Companion Cases:
2015v-0134;   2015v-0152;   2014v-0041; Recusal of Judge

# IDENTITIES OF PARTIES AND COUNSEL

**Primary Cause Number 2017v-0103**

Ruby, Jennifer Ann Larkins-, *sui juris*, unincorporated, private civilian, not holding any public office; *Complainant, Assignee/Grantee, Heiress,* Covenantee, *Beneficiary of Equitable Express Trust, Surety; secondarily liable , Subrogee, private Texan, and private American National; non U.S. citizen/ non-resident alien to Washington, D.C. and the corporate STATE OF TEXAS,* **Sealed**

*and*

Ruby, Kim Robin, *sui juris*, unincorporated, civilian, not holding any public office; *Complainant, Assignee/Grantee, Heir,* Covenantee, *Bare Trustee holding only legal Title, private Texan, and private American National; non U.S. citizen/ non-resident alien to Washington, D.C. and the corporate STATE OF TEXAS,* **Sealed**

*c/o* General Post, Sealy, Texas *without the U.S.*                              **Appellants**

*v.*

Office of AUSTIN COUNTY, as Administrator, Occupied by JUDGE TIM LAPHAM in his capacity of Austin County Judge, over AUSTIN COUNTY COMMISSIONER'S COURT, AUSTIN COUNTY, DUNS numbers: 044906428, 145065392, 803414903, & 034326937; EIN number: 74-6000341,  Respondent, c/o One East Main Street, Bellville, Texas 77418; 979•865•5911; Austin County; **Sealed**

*and*

Office of Chief Administrating office of AUSTIN COUNTY APPRAISAL DISTRICT, DUNS number: 790885313; EIN No. 74-2079879, occupied by CARMEN OTTMER, U.S. citizen; in the capacity of Austin County Tax Assessor/ Collector, Respondent, c/o 906 E. Amelia Street, Bellville, Texas 77418;  979•865•9124; Austin County; **Sealed**

*and*

Office of AUSTIN COUNTY SHERIFF, occupied by JACK BRANDES, in the capacity of Sheriff, the Administrator and Agent for AUSTIN COUNTY SHERIFF'S OFFICE, for DEPUTY JOE VILLARREAL; c/o 417 North Chesley Street, Bellville, Texas 77418; 979•865•3111; **Sealed**

> **Represented by:**
> **Leslie Michelle Schkade, SBN 24049813;**
> **Lead Counsel for Perdue, Brandon, Fielder, Collins & Mott, LLP**
> **C/O 1235 North Loop West Ste, 600, Houston, Texas 77008**

*and*

Office of PRESIDENT and CHIEF EXECUTIVE OFFICER, occupied by SCOTT PROCHAZKA, in the capacity of President and Chief Executive Officer for CENTERPOINT ENERGY; c/o 1111 Louisiana Street, Houston, Texas 77002; 713•207•1111; **Sealed**

> **Represented by:**
> **Lead Counsel Unknown to Court at Present**

**Appellees**

# RELATED COMPANION CASES AND PARTIES

## 2015v-0134

SEALY INDEPENDENT SCHOOL DISTRICT, *ET AL*
VS.
RUBY, JENNIFER LARKINS, *ET AL*

Leslie Michelle Schkade, SBN 24049813;
Lead Counsel for Perdue, Brandon, Fielder, Collins & Mott, LLP
IN THE 155TH DISTRICT COURT IN AND FOR Austin COUNTY, TEXAS

---

## 2015v-0152

Jennifer Ann Ruby, Plaintiff,
VS.
AUSTIN COUNTY APPRAISAL DISTRICT, AND
CARMEN OTTMER, In Her Capacity as
Chief Appraiser and Personally, Defendants
Trial By Jury Demanded

Sandra Griffin, SBN 00791280;
Lead Counsel for Perdue Brandon Fielder Collins & Mott, llp
IN THE DISTRICT COURT OF AUSTIN COUNTY, TEXAS

---

## 2014v-0041

SEALY INDEPENDENT SCHOOL DISTRIC, *ET AL*
VS.
RUBY, JENNIFER LAKINS, *ET AL*
155th District Court OF Austin COUNTY, TEXAS
Leslie M. Schkade, SBN 24049813 and Michael J. Darlow, SBN 05387300;
Counsel for Perdue, Brandon, Fielder, Collins & Mott, LLP

---

Related Parties to :

> Carmen Ottmer, Chief Appraiser
> Judge Tim Lapham in his capacity of Austin County Judge
> Sheriff Jack Brandes in his capacity as Sheriff of Austin County
> George P. Bush, Texas General Land Commissioner, Trustee
> Scott Prochazka, President and CEO for Centerpoint Energy

---

## AND THIRD, THE MATTER OF CHANGE OF VENUE, OR, RECUSAL OF JUDGE STEINHAUSER; AS OPPOSED INVOKING RULE 171: TO MASTER OF CHANCERY

Recusal of Judge Steinhauser, Appealed from 155th District Court 2017V-0103
Hearing by J.D. Langley, Presiding Judge

---

# ORAL ARGUMENTS

**A**s this suit is lodged in Exclusive Equity, a private Texas citizen and an Orthodox American citizen of a Judicial Purely Equitable Nature (with perfected decree granting restoration of Christian given name), a peculiar people, asking for this special and peculiar matter be sealed against co-mingling with the public; and Appellees have no real person of interest possessing privity, standing, authority to witness their claim, or jurisdiction evidenced on the record; Appellant sees no reason for consideration of Oral Arguments, as Appellees have slept on their rights to make an equitable claim, evidence of contract, or offer proof of mode of acquiring jurisdiction on and for the record, signed under penalty of perjury, thus acquiesced and blocked by Estoppel.

**A**ppellant moves this court to base its decision based on the written, sworn, positive and negative averments with the evidence presented; equitable claims made of Constitutional Trust Instruments, certificates being noticed and vested; Trust arising from contract with President Jones; perfecting absolute title, extinguishing imperfect title.... on and for the record without repudiation; evaluate opposing evidence of jurisdiction put on and for the record, signed under penalty of perjury. I stand on my record as written, without need of Oral Arguments.

# STATEMENT OF JURISDICTION

This special cause ; 01-17-00716-CV / 2017v-0103 is lodged in the First District Court of Appeals, Texas, in exclusive equity. The Appellant requests that this special, peculiar, confidential and private matter will be sealed, heard in chambers, non-comingled with the public, for the benefit of Austin County, Texas state, and the Appellant / Beneficiary.

This special cause, for Specific Performance[1] of a Contract[2]; the peculiar *specie* of right and title granted by President Anson Jones, by which the first district court of appeals; one of the courts of the United States **concurrent** at the Supreme court over Austin County; State of Texas under the constitution and laws of the United States (*"The judicial power (A.15;17)shall extend to all cases, in law and equity, arising under this constitution,....."* Article III section 2, United States Constitution ) derived directly from Article III sovereign judicial power of the United States and laws of the United States original Judiciary Act of 1789 (I Stat. 73); both Texas and United States constitution's guarantee protection of obligations of contracts; the original exclusive jurisdiction of equity analogous the circuit courts as courts of equity, of the United States and co-ordinate and in co-extensive to the forms, practice, mode and procedure of the federal equity rules of the United States 1912, and Supreme Court of the United States Rule 48.2[3]

**T**he Appellant/ Beneficiary of the RR693924673US-003.2 Land Trust; a resulting Trust of RR693924673US-001 Trust, recorded in Colorado County, Texas; the Beneficiary in a special cause seeking relief in subject matter, purely equitable; concurrent as to place and peoples, though distinct as to subject-matter…

---

[1] **Gibson § 949. Cases for Specific Performance**
[2] **See Volume 1; Pages 404 - 425** for Suit in Chancery for Specific Performance of Contract, Amended October 10
[3] www.fjc.gov/history/courts/jurisdiction~equity

arising under the judicial power (A.15;17)of the courts of the United States; original concurrent jurisdiction of the union state of Texas as one of the courts of the United States analogous to the same circuit court of the United States[4] under the constitution and laws of the United States'; special term presided over by one of the circuit justices; for complete justice to be done, with good reason and good conscience.

---

# EQUITY JURISDICTION

**Gibson Suits in Chancery §25.**b *All suits resulting from **Trusts,** express, constructive and resulting*; 25.j *All suits for the **redemption of land** or other property*; 25.l *All suits for the construction and **enforcement of** wills and **Trusts;*** 25.p *All suits to **remove clouds and quiet titles***; 25. *All suits for **a new trial after a judgment at law**;* 25.r *All suits to have **void judgments so declared**, and to avoid voidable judgments;* 25.s *All suits to **prevent the doing of an illegal or inequitable act to the injury of Complainant's property rights or interests***; 25.u *All other suits where the defendant has done, or **is doing, or is threatening to do, some inequitable act to the injury of the Complainant, and there is no adequate remedy therefor in any other Court.***

The foundation of the present suit is the invasion of a private right created by enabled statutes *at large*, and that, I have always understood, it is the undoubted province of a court of equity to protect, whether the injury be committed by an individual or a corporation.

## Gibson § 816. Injunctions Against Illegal Taxes.—

No injunction can be granted against the collection of a tax due *the State*, **BUT** if *a county or city, or other public corporation*, attempt through its officers to collect *any tax not warranted by the law, or the Constitution*, the Chancery Court has jurisdiction to enjoin the collection of such a tax, and any one tax-payer may sue on behalf of himself and all others, and enjoin the collection of the entire tax.

Texas Constitution, Art. 8. - Taxation And Revenue, § 1-e.. Abolition Of Ad Valorem Property Taxes.

---

[4] The circuit courts of the United States are ordained as inferior courts under the constitution's Supreme Court and established 1789 under title "The Judiciary Act" conferred and vested by Congress its jurisdiction over [common] law and equity (§11 & 16); however, 1911 congress abolished the circuit courts whereby its sovereign judicial power revert back to the circuit justice at chambers in the newly established "United States Court of Appeals" by operation of reversionary transfer. This Trust does not recognize congress' right to abolish courts created previously under the constitution and holds that there is no enumerated power of congress to abolish or diminish circuit courts vested by the constitution (Story vol. 3).

No State ad valorem taxes shall be levied upon any property within this State.
(Added Nov. 5, 1968; amended Nov. 2, 1982, and Nov. 6, 2001.) (TEMPORARY TRANSITION
PROVISION for Sec. 1-e: See Appendix, Note 3

**B**ased on the above foundation, this Texas Appellate court has equitable jurisdiction of the original *concurrent* jurisdiction of the union State of Texas as one of the courts of the Unities States analogous to the same circuit court of the United States[5] under the constitution and laws of the United States' *special term* presided over by one of the circuit justices; (*"The judicial power shall extend to all cases, in law and equity, arising under this constitution,...." Article III section 2, United States Constitution* ) *derived directly from Article III* sovereign judicial power of the United States and laws of the United States original Judiciary Act of 1789 (I Stat. 73); regardless of the merger of formerly separate courts of law and equity by the Federal Rules of Civil Procedure, the substantive principles of Courts of Chancery remain unaffected; being under Judicial Power under the former practice of supreme court rule 48.2, aka 1922 Federal Equity Practice Rules.

§ I release, indemnify and discharge and hold harmless the Court, appointed as Fiduciaries from all war powers obligations, to be set free and at Liberty to execute all necessary transactions to protect the rights and prevent injury to *cestui que trust (A.37)*, to extinguish debt and controversy; and further, be at the utmost liberty to execute fiduciary duties owed to said private trust in this matter; to execute fiduciary duties owed to said private trust in this matter according to the law of the Trust Indenture.

Appellant's Declaration of Assignees Update of Patent, page 4 **(V.2; P 53)** discusses Article III Courts [to be prosecuted by authority of Art.III section 2cl 1&2.];....
**P.57:** 2 Paragraphs in Number (5) claim all rights, **P.58 top...**30 days….

---

[5] See Footnote 4 above

# STATEMENT OF ISSUES PRESENTED: INTENT

■ The Intent (A.37;41;42) of this special matter relates to a Trust, *not* a debt; Appellant being the beneficiary, not the trustee. It relates to specific performance[6] of continuing obligations springing from a contract, for special and peculiar rights and title being granted, without any stipulated reservations of residual interests including, but not limited to, the right to generate income off private land being ceded. Appellant's averments, both positive and negative within her Appellate brief, as well as Appellant's primary cause 2017V-0103 (V1;P.404-425), will provide evidence that this is a Trust matter, arising from a Contract. The jurisdiction will be state appellate *concurrent with Article III* by virtue of Article III.

■ This initial Trust relationship *arises* from Stephen F. Austin's trust relations with Mexico (V.2; P333-Item 3) with intent and purpose to settle large sections of land- for the benefit of Mexico, following his father's death. Austin's Trust relationship changing after the Battle of San Jacinto (V.2;P.333-Item 6); its beneficiary switching to the Republic of Texas. Anson Jones, the President of Texas, in his *in personam relations* with John P. Borden (the first land commissioner of Texas), granting him a *First Class* Headright (V.2; P.333-334-Item 7), scribing no stipulations or requirements as seen in later Headrights; clearly ceding, divesting and relinquishing *all right and title* the Republic heretofore held and possessed; granting the *same,* being a deed absolute; issuing Letters Patent 246 for the *same,* to John P. Borden, his heirs (A.3) and *assigns, forever*.

■ An Act of 03 February 1845, becoming enacted by the Senate and House of Representatives, *authorizing and requiring* the Commissioner of the General Land Office to issue patents in the names of the Assignees of all transferable land claims, upon their presenting to him a complete and properly authenticated chain of transfer

---

[6] Gibson § 949. Cases for Specific Performance

or obligation for title, from the original grantee.(See V.2;P.334-Item 10). Borden, the original Patentee/Grantee receiving his Patent held in hand, granted by President Jones, 09 October 1845, and the 1845 Constitutional Articles acting in part, but not limited to a Trust Indenture, protecting the rights and property(A.22) of all Texans (V.2;P.334-Item 12) .

■ Appellant receiving a Land Classification Letter from Texas General Land Office verifying that no minerals are reserved for Texas (for generating income), being the only letter of its kind available; (V.2;P.465-467)

■ Appellant paying loan No. 004323-2 and note in full, the mortgage company executing release of collateral, being in part, lien/discharge/satisfaction stamped PAID Nov 06, 1996 (V2; P.336:Items 28 & 29), to be recorded at Austin County Clerk's office/Registrar of Deeds office, ordered by Jacqueline Carroll, Payoff Department of CBS Mortgage Corp, successor in interest to Colorado County Federal Savings & Loan, Holder of Note and Lien, under color of law.

■ Appellant signing acknowledgment accepting the Deed, perfecting and correcting title(A.8); signing a Declaration of Assignees Update of Land Patent 246 (V.2;P.381-409), perfecting title, *nunc pro tunc* to 09 October 1845, thus possessing deed absolute; both the fee *and* the leasehold estate; This special and peculiar *specie* of right and title originally issued, by transfer of a long continuous chain of unbroken title from Anson Jones, President of the Republic, conveying thru to Rubys/Grantees/Assignees/Beneficiaries/Surety/Subrogees-expressing what is now trust *res* property of Appellant's private RR693924673US-003.2 Land Trust, governed by a Trust Indenture; which in part includes, but is not limited to, the pertinent Articles[7] of the 1845 Texas Constitution. Certification of Private Land

---

[7] 1845 Texas constitution's Article VII. Section 20; Article XIII. Sections 1, 2, 3, 10, 13 and An Ordinance

Trust was executed 03 June 2016, on all parties interested, with no man or woman refuting trust. (V.2;P.319-321)

*Maxim: "Equity will not complete an imperfect gift"*

■ The ***intent of this suit*** is that the unique rights of a private Texas state citizen, and that of an private American national citizen in this special matter of Constitutional Trust may be recognized; all duties owed the Beneficiary be executed as required. These trust relations, arising from a contract with a President of a superseded nation's government, having continuing obligations not to claim again that [*species* of right and title] which was relinquished and granted; acknowledging and acceptance by grantee/assignee, giving repeated actual and constructive notices to all peoples and persons interested; receiving ***no*** rebuttals or challenges to perfected claim, thus vested, and entitled to *full faith and credit* in this state.

*Maxim: "Equity regards that as done, which ought to be done"*

## Appellant's ***intent*** is that this honorable court will :

1.      Acknowledge the Jurisdiction as set on the face of the record[8] by Appellant; exclusive equity case to be heard by a Master of Chancery prayed for, with skills as required to perform complete justice with good reason and good conscience, as there is no other means for Appellant's unique and peculiar rights and defenses to be recognized at law.

2.      Apply the court's remedy of a Constructive Trust (A.29) arising from conversion of property and unjust enrichment, to evaluate the equities of the parties, grant protective injunctions as requested in Primary Cause Number 2017v-0103 (V.1;P.404-425), a Suit in Equity, Amended - October.

---

[8]   Bates Equity §11

As Appellee(s) are uncooperative, sleeping on their rights to state and set their Jurisdiction- on and for the record; defaulting on the 155th District Court's *Pro Confesso Subpoena dues tecum* (V.1;P.16-20) giving twenty-one days to put their signed evidence for mode of acquiring jurisdiction, standing and privity to challenge Appellant's right and title under penalty of perjury, as seen by District Clerk's Affidavit (V1;P.403); never repudiating any of Appellant's Claims, Notices of Interest(s), nor her Trust.

*Maxim: "Equity aids the vigilant, not those who slumber on their rights"*

3.    Acknowledge the Trust(s). Once a Trust, it must be treated as a Trust.

4.    Acknowledge Appellant's collateral to be an equitable mortgage, with the right to equitable redemption exercise; Notice of Trust with special instructions sent with Special Deposit of two gold U.S. minted coins, received and held in hand by Governor Greg Abbott, appointed Trustee, transferring legal title while retaining equitable for the benefit of the Beneficiary; said Special Deposit returned as required (V2;P.471-473), along with receipt of acceptance, back to third party mailer; Appellant's expressed intent and purpose to settle and close subject estate Texas holds in escheat, as presumed beneficiary of such, until the True Beneficiary (*Cestui que*) claims her estate. The Trustee(s) being unresponsive in performing their duties to beneficiary, to issue assignment of Patent in Assignee's name; to settle and close this trespass and breach of trust by Appellees, however, *"No trust will fail for want of trustees"*. See Certification of Private Land Trust(V.2;P.317-321) un-repudiated or challenged.

5.    Recognize Appellant holds the fee *and* the leasehold, requiring Chief Appraiser (as Trustee) to perform her ministerial duty to merge the Leasehold Estate with the Tax Parcel ID Number (expressed as a private equitable trust RR693924673US-003.3 (V.2;P.535-540); Tolling of Time; (V2;P.541-542); no response, then Proclamation of Vested Special Private Trust Expression (V1;P.

426)): Once being merged, all encumbrances being extinguished; executing the previously received Certificate of Withdrawal (V.2;P.449-463) served by Registered Mail November 2011, having received, signing receipt of acceptance being returned to 3rd party mailer; Removing this non-commercial; non-income producing, not for profit, private land from Austin County's Commercial Tax Rolls; declaring Appellant's land with perfected title absolute to be possessed by Beneficiary as a Private Trust Sanctuary Estate.

6. Recognize Appellant's claims of *beneficial interest* and *equitable use* of all previously abandoned property lawfully belonging to the *Cestui que* Trust (A.37) / by Heiress -Sole Beneficiary held in custody by Austin county, Texas state, **as well as** the beneficial use of all co-mingled[9] parts connected to, or by lack of segregation by Austin County for a clearly delineated purpose, being made part of the corpus of this Trust, as one of the Posterity; the Trust *Res* of my Trust, along with all the derivations from the land, heretofore connected to John P. Borden's 1845 estate, for the benefit of the beneficiary, Jennifer Ann Larkins - Ruby; hereinafter together privately entitled RR693924673US-003.2 Land Trust.

*Maxim: "Principles govern rather than precedents"*

7. Sign Mandamus for Texas General Land Commissioner to perform his lawful duty as requested, to issue the assignment of the original Patent 246, for part and parcel of land possessed by Appellant as assignee/grantee, *being both authorized and required* by the Act of 03 February 1845, still in full force and effect; all conditions precedent[10] executed by Appellant as required; having requested, and

---

[9] [In the spirit of **YOUR** CJS 90 Trusts, Section 438: - **within the meaning of** "Co-mingling of Trust Funds or Property "– a. In General. "Where trust property is co-mingled with the property of the trustee, the entire commingled fund or property will be treated as subject to the trust, unless the trust property may be separated from the rest."]

[10] See complete unbroken chain of title, sent registered mail to General Land Commissioner: Clerk's Record V.2;P.33-337

served Notice of Mandamus (V2;P.513-517) by Appellant, but continues in non-performance to this day.

As Appellant has recently been decreed an Adult Name Change (V2;P.889-895), restoring her given Christian Name, along with her shared family names, restoring inherent equitable status; being of mature age, in no need of *Parens Patriae/*Guardian Ward relationship; removing all Minor disabilities found as attached to Appellant's true status and capacity; thus now requiring the assignee named in the Assignment of Land Patent 246 to be updated and amended to include this restoration of Appellant's given Christian name.

*Maxim: "Equity regards that as done, which should be done"*

8.    Order performance; to appoint a master to follow the *res* back to the beginning, to perform a full forensic accounting (A.38)on both sides of the ledger; to trace, marshal, sequester, and segregate all chattels and collateral, and release to Appellant the use of the same; to order the immediate settlement of all claims and encumbrances against Appellant; for exoneration and restoration, and further, for unlimited *exclusive* right of possession, use and enjoyment of her private land, the *res* of her Trust. The *res'* fund, securities and transmutations to be set in an account for the use and benefit of the Beneficiary; to remain under the oversight of Austin County Treasurer(A.23), for the prosperity and economic security of the same.

*Maxim: "Equity delights to do complete justice and not by halves"*

9.    Acknowledge Appellant's suretyship, secondarily liable; who as payor, having paid in full the debts of the debtor under legal compulsion to the Creditor; and now with receipt in hand, recognizing that Appellant is not the debtor; but as payor, Appellant possesses the equitable right to be Subrogated[11], to stand in the rights and shoes of the Creditor, (both Austin County and Texas state, as successor

---

[11] Pomeroy §920 Suits for reimbursement, contribution, exoneration, and subrogation

to superseded government) with regard to all chattels, collateral, the fund, securities and transmutations, as Trust *res* property.

10. Exoneration and restoration of Appellant's good name; Appellee: Austin County Sheriff's(A.23) Department; providing evidence of removal of false (A.6) and slanderous government documents; claims made with no evidence to support.

*Maxim: "One who seeks equity must do equity"*

11. Removal of Appellee: CenterPoint Energy's equipment (Smart Meter) from Appellant's home and replacement with prior existing analog meter (without cost or up-charge); removal of all radiation emitting devices on land, home, peoples, pets and livestock, as well as unwarranted surveillance and data mining devices; for which Appellee is being unjustly enriched at Appellant's expense; having accepted Appellant's posted offer to contract, when trespass and equipment installation was executed, confirmed when noticed and not repudiated.

*Maxim: "Equity suffers not advantage to be taken of a penalty or a forfeiture, where compensation can be made"*

12. Recusal of Judge Steinhauser(A.23) from hearing this special and peculiar matter of Specific Performance of a Contract; that a Master in Chancery be assigned to hear this special matter - to be fully discussed in balance of primary case 2017V-0103. The 155th District Court has failed to diligently perform its duty pursuant to the doctrine of ***Audi Alteram Partem***; having failed to give Appellant a full and meaningful Hearing:

> •refusing to read her petitions with affidavits, challenging jurisdiction and requiring proof placed on the record prior to the Courts proceeding;
> •refusing Appellant uninterrupted time to read into the record her special and peculiar defense, refusing time to perfect the record for appeal;
> •ignoring her evidence of perfection and reformation of deeds and contracts;

•nor providing *equal*[12] *regard* to the substance Appellants put into the record of the District court despite, being entered into the court's record in its entirety as evidence; and further,

•taking judicial notice of all documents entered;

•then immediately signing directed order by Austin County Counsel.

*Maxim: "Equity delights in equality or impartiality"*

13.    that this hearing may be sealed against the public, for the benefit of all parties.

14.    ….and any and all other such relief I am entitled to.

---

•  [12] Table of Authorities: **A.10**   God's View of Court Justice: Respect of Persons
James 2: 9 : But if ye have respect to persons, ye commit sin, and are convinced of the law as transgressors.
Proverbs 18: 5 It is not good to be partial to the wicked or to deprive the righteous of justice.
Proverbs 18: 13 If one gives an answer before he hears, it is his folly and shame.
Proverbs 18: 17 The one who states his case first seems right, until the other comes and [cross] examines him.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL……………………..…..…1-5

STATEMENT ON ORAL ARGUMENTS……………………………....5

STATEMENT OF JURISDICTION……………………….…………6-8

STATEMENT OF INTENT OF ISSUES PRESENTED…………….9-16

TABLE OF CONTENTS……………………………………....…17-18

NOTICE TO TAKE JUDICIAL COGNISIANCE ……….…….….19-20

INDEX OF AUTHORITIES…………………………………...…..21-33

INDEX OF CLERK RECORD SORTED AS EXHIBITS BY CASE……

……………available upon request

STATEMENT OF THE PRIMARY CASE……………….……...35-46

STATEMENT OF THE CASE:PROCEDURAL HISTORY…….…...34-41

STATEMENT OF THE CASE: APPELLEE'S RESPONSE TO

ISSUES PRESENTED……………………………………….…42-44

SUMMARY OF THE ARGUMENTS……………………….…..45-47

ARGUMENT…(INCLUDING APPEAL OF RECUSAL)………...........48-57

JURISDICTIONAL PROOFS AND CHALLENGES FOR RECUSAL.58-66

PRAYER…………………………………………………….....…67-70

AFFIDAVIT……………………………………………….…...71-74

CERTIFICATE OF COMPLIANCE…………………………..…….75-76

CERTIFICATE OF SERVICE……………………………………....77

# NOTICE TO TAKE JUDICIAL COGNISIANCE

1.    Comes now Jennifer Ann Larkins - Ruby, beneficiary, a woman of mature age and capacity, created in the Sovereign Lord God's image and likeness; *sui juris*; being no lawyer, and without benefit of counsel, self-read in matters of historical land conveyances primarily; equity recently; it is beholden upon the Court to view the *substance* of the document, and not the *form* in which it is presented. This writer asks for the court's grace in the matter; forgiveness for mistakes if the form is not as typically presented. Appellant is attempting to provide *prima fascia evidence* in multiple trespass by multiple entities, for a period of *over six years*. Appellant gives Notice of Judicial Cognizance of the *intention of the maker* is the soul of the instrument; let no man derive pleasure, profit, gain infamy, or unclean hands by manipulating the Maker's words averse to her intent - expressed in writing….

*Maxim: "Equity will take jurisdiction to avoid a multiplicity of suits"; and,*
*"Equity looks to the intent or substance rather than to form"*

Judiciary Act of September 24, 1789, Section 342,

FIRST CONGRESS, Sess. 1, ch. 20, 1789 which reads:

"And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe (a)"

2.    Appellant gives the Appellate Court Judicial Notice that she possesses a *Conflict between Law and Equity*, and that in *this* matter in Appeals Court, there are four (4) cases being referenced beginning in 2014 to current; three of which were historically argued *'at law'*, mainly challenging jurisdiction; her peculiar and special rights not being seen in courts of law, and finding no justice, sprung Appellant's introduction to the self study of Equity *beginning the end of January 2016, after which* Appellant's *transition* in her approach to her defense moves towards Equity pleadings. The purpose and intent of these companion and related causes being left in the record, being evidence of equitable notice of challenge to the jurisdiction of the court being given, notice of patent being a contract with the president, and Austin County's Trespass; evidence of bias (A.10) and partiality given to Appellees.

Appellant, although doing due diligence in the research and documentation of historical land law, is not an paralegal, nor a litigation attorney, and as most attorneys will admit, attorneys must possess a special gift to be successful litigants. This Appellant possesses **no** experience in "litigation", nor being availed of bar courtroom policy, practice and procedures; as her first court experience is 2014, and she possesses little experience in legal formatting.

3.    This 01-17-00716-CV's Primary Cause 2017v-0103 for Specific Suit in Equity for Specific Performance of a Contract, initially filed June 2017, but amended October 2017; for which, If **Assignment** of *specie* of right and title as granted by Contract conveyed by President Jones to John P. Borden, his Heirs/Assigns/Grantees is issued by Land Commissioner(A.23)  to this Assignee; Said Obligations being Specific Performance require this Court's declaring judgment for Appellant, thereby resolving and prevents future contentions. Required relief being the Court's ordering forensic accounting(A.38), assigning a Master to trace the *res* of *All* associated Trusts back to the beginning; to 09 October 1845.

# ◆ INDEX OF AUTHORITIES ◆

Hereafter referenced as **A.xx**, to save room & allow for referencing of Authority.

| A.1 | • Institutions of American Law, Vol. I (1851) John Bouvier<br>"To make a law, there must be a superior, who has authority to make it and an inferior, who is bound by it.<br>• To complete the definition of law, we must say that it is a rule prescribed by a lawful superior. God is the first superior. "<br>The Holy Bible:<br>• Isaiah 9:6 For to us a child is born, to us a son is given, and *the government will be on his shoulders*. And he will be called *Wonderful Counselor,* Mighty God, Everlasting Father, Prince of Peace.<br>• Proverbs 21 :<br>  v. 03:To do justice and judgment is more acceptable to the LORD than sacrifice.<br>  v. 30:There is no wisdom nor understanding nor counsel against the LORD<br>• The Ten Commandments: The Law given by God; Numbers 20: 1-17<br><br>"*Derativa potestas non potest esse major primitive*": The power which is derived cannot be greater than that from which it is derived.<br><br>❖ *Principle: The sovereignty or Authority of government extends to everything which exists by its own authority, or is introduced by its permission.* |
|---|---|
| A.2 | • Psalm 100       A thanksgiving psalm.<br>  v.3 Acknowledge that the Lord is God! **He made us and we belong to him**; we are his people, the sheep of his pasture.<br>  v.4 Enter his gates with thanksgiving, **and *his courts* with praise**! Give him thanks! Praise his name!<br>  v.5 For the Lord is good. His loyal love endures, and he is faithful through all generations. |
| A.3 | • God's Sacred Trust Arrangement's with Appellant as Heiress of God by nature<br> The Holy Bible: Our Bodily Temple: **1ˢᵗ Trust Arraignment-** *In Personam* Romans 8:14-17  For as many as are led by the Spirit of God, they are the sons of God. For ye have not received the spirit of bondage again to fear; but ye have received the Spirit of adoption, whereby we cry, Abba, Father. The Spirit itself beareth witness with our spirit, that *we are the children of God*: And if children, then *heirs; heirs of God, and joint-heirs with Christ*;<br>Ephesians 2:19  Now therefore ye are no more strangers and foreigners, but fellow citizens with the saints, and *of the household of God*. |

Genesis 17:7 And *I will establish my covenant between me and thee and thy seed after thee in their generations for an everlasting covenant, to be a God unto thee, and to thy seed after thee.*
1 Peter 2:9 But ye are a chosen generation, a royal priesthood, an holy nation, a *peculiar people*;.....

---

The Holy Bible: Our Family: **Our 2nd Trust Arraignment- Family**
Genesis 1:26-28 Then God said, "Let Us make man in Our image, according to Our likeness; and let them rule over the fish of the sea and over the birds of the sky and over the cattle and over all the earth, and over every creeping thing that creeps on the earth." God created man in His own image, in the image of God He created him; male and female He created them. God blessed them; and God said to them, *"Be fruitful and multiply, and fill the earth, and subdue it; and rule over* the fish of the sea and over the birds of the sky and over every living thing that moves on the earth."

---

The Holy Bible: Stewardship: **Our 3rd Trust Arraignment- Stewardship of our Private Trust Sanctuary Estate**
Genesis 2:15 And the LORD God took the man, and put him into the garden of Eden to dress it and to keep it.
Colossians 1:16 For by him were all things created, that are in heaven, and that are in earth, visible and invisible, whether *they be* thrones, or dominions, or principalities, or powers: all things were created by him, and *for him*:
We, Are to be stewards, to take care of what He gives us steward-ship over; a Private Trust Sanctuary Estate, for His Benefit, honor and glory
1 Peter 4:7 "The end of all things is at hand; therefore be *self-controlled* and *sober-minded* for the sake of your prayers.

| A.4 | •The Holy Bible: Jurisdiction<br>**a.)** Psalm 24:1-2 King James Version(KJV)<br>"The earth is the Lord's, and the fullness thereof; the world, and they that dwell therein.<br>For He hath founded it upon the seas, and established it upon the floods."<br>(referencing Genesis 1:1-31) Repeated and confirmed in I Corinthians 10:28b<br>**b.)** James 1:17King James Version (KJV):<br>"Every good gift and every perfect gift is from above, and cometh down from the Father of lights, with whom is no variableness, neither shadow of turning."<br>*Principle: The sovereignty or Authority of government extends to everything which exists by its own authority, or is introduced by its permission.* |
|---|---|
| A.5 | • The Holy Bible: Biblical foundation for **Allodial** Land Titles :<br>Genesis 13:15; Exodus 32:13; Joshua 14:9; 1 Chronicles 28:8; 2 Chronicles 20:7; Ezra 9:12; Psalm 37:29; Isaiah 60:21; Jeremiah 7:7; Jeremiah 25:5; Ezekiel 37:25 |

| | |
|---|---|
| | Thomas Jefferson's Letter to Edmund Pendleton August 13, 1776: 'The opinion that our lands were **Allodial** possessions is one which I have very long held, and had in my eye during a pretty considerable part of my law reading which I found always strengthened it." http://avalon.law.yale.edu/18th_century/let8.asp |
| A.6 | • The Holy Bible: False Witnesses against thy neighbour<br>There are six things the Lord hates, seven that are detestable to him: haughty eyes, a lying tongue, hands that shed innocent blood, a heart that devises wicked schemes, feet that are quick to rush into evil, *a false witness who pours out lies, and a man who stirs up dissension among brothers*. Proverbs 6:16-19<br>Thou shalt not bear false witness against thy neighbour. Exodus 20:16<br>Thou shalt not raise a false report: put not thine hand with the wicked to be an unrighteous witness. Exodus 23:1<br>Neither shalt thou bear false witness against thy neighbour. Deuteronomy 5:20 |
| A.7 | The Holy Bible: Rules for the Princes: For this is what the Sovereign Lord says: Enough, you princes of Israel! Stop your violence and oppression and do what is just and right. Quit robbing and cheating my people out of their land. Stop expelling them from their homes, says the Sovereign Lord. Ezekiel 45:9 NLT |
| A.8 | "To *correct deeds for fraud or mistake* in them, is one of the ancient and well established heads of equity jurisdiction, and it is the duty of the court, where such fraud or mistake is clearly proved, to correct it by any means in its power to effect the amendment and the object of it.<br>http://www.archive.org/stream/newjerseycases29newj#page/522/mode/2up/search/equity |
| A.9 | • The Holy Bible: God's Desire for Appellant to want Austin County's Best<br>"Also, seek the peace and prosperity of the city to which I have carried you into exile. Pray to the Lord for it, because if it prospers, you too will prosper." (Jeremiah 29:7) |
| A.10 | • The Holy Bible: God's View of Respect of Persons; Partiality<br>James 2: 9 : But if ye have respect to persons, ye commit sin, and are convinced of the law as transgressors.<br>Proverbs 18: 5 It is not good to be partial to the wicked or to deprive the righteous of justice.<br>Proverbs 18: 13 If one gives an answer before he hears, it is his folly and shame.<br>Proverbs 18: 17 The one who states his case first seems right, until the other comes and [cross] examines him. |
| A.11 | • The Holy Bible: Who has the Authority to *Name* People?<br>Ephesians 3:14-15: [14] For this cause I bow my knees unto the Father of our Lord Jesus Christ, [15] Of whom the whole family in heaven and earth is named. (KJV)<br>https://www.biblegateway.com/quicksearch/?quicksearch=named&qs_version=NIV&limit=100<br>Our Heavenly Father, and our Earthly Father and Mother |

| A.12 | Constitutions:<br>1845 Texas constitution & the constitution for the United States of America |
|------|---|
| A.13 | • Trowers Manual of the Prevalence of Equity Jurisdiction: Judicature Act 1873 |
| A.14 | Judiciary Act of September 24, 1789, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789<br>"And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe (a)" |
| A.15 | • *"The judicial power shall extend to all cases, in law and equity, arising under this constitution,....."* Article III section 2, United States Constitution<br><br>• Commentaries on the Constitution of the United States: With a ..., Volume 3 By Joseph Story; Book page 435; Sec. 1570<br>The judiciary cannot, as the legislature may, avoid a measure, because it approaches the confines of the constitution. We cannot pass it by, because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. |
| A.16 | • "Judicial power is the authority vested in courts and judges, as distinguished from the executive and legislative power. It is a power involving exercise of judgment and discretion in determination of questions of right in specific cases effecting interests of person or property, as distinguished from ministerial power involving no discretion." Black's Law Dictionary |
| A.17 | Bates (Equity Book)<br>§658 Distinction between judicial power and jurisdiction;<br>"constitution and laws" of the United States exists under the Judiciary Act of 1789<br>§116 Due Process of law defined.<br>§11 The Jurisdiction must appear on the face of the record. |

| | |
|---|---|
| | Federal Procedure at Law  1908<br>Federal Equity Procedure, Suits in Equity 1901 |
| A.18 | • **Judicature Act of 1873/1875**<br>Section 25 (11.)  (11.) Generally in all matters not herein-before particularly mentioned, in which there is enumerated any conflict or variance between the Rules of Equity and the Rules of the Common Law with reference to the same matter, **the Rules of Equity shall prevail.** |
| A.19 | • **1 Pomeroy's Equity Jurisprudence** [5th ed.], p xxiv. "Generally in all matters in which there is any conflict of variance between the rules of equity and the rules of the common law, with reference to the same matter, the rules of equity shall prevail." |
| A.20 | **Suits In Chancery 2nd Edition 1907 By Henry R. Gibson, Tennessee:**<br>§25.b All suits resulting from Trusts, express, constructive and resulting;<br>25.j All suits for the redemption of land or other property;<br>25.l All suits for the construction and enforcement of wills and Trusts;<br>25.p All suits to remove clouds and quiet titles;<br>25.qAll suits for a new trial after a judgment at law;<br>25.r All suits to have void judgments so declared, and to avoid voidable judgments;<br>25.s All suits to prevent the doing of an illegal or inequitable act to the injury of Complainant's property rights or interests;<br>25.u All other suits where the defendant has done, or is doing, or is threatening to do, some inequitable act to the injury of the Complainant, and there is no adequate remedy therefor in any other Court. |
| A.21 | Suits in Chancery by Henry R. Gibson, Book page 444. Footnote 31: Blinded Justice |
| A.22 | **Gibson §56** "As men live by their labor and property, no man is presumed to part with either without receiving or expecting an equivalent in value. Hence, whenever one person has obtained either the labor or property of another, he should pay or account therefor, unless he can prove it was a gift, and so, whatever injury one person does to another's property or capacity to labour should be made good"<br><br>**Blackstones Commentaries:** BOOK 2, CHAPTER 1  **Of Property, in General**<br>https://lonang.com/library/reference/blackstone-commentaries-law-england/bla-201/<br>….habitations for shelter and safety, and raiment for warmth and decency. But no man would be at the trouble to provide either, so long as he had only an usufructuary property in them, which was to cease the instant that he quitted possession;   if, as soon as he walked out of his tent, or pulled off his garment, the next stranger who came by would have a right to inhabit the one, and to wear the other. In the case of habitations in particular, it was natural of observe, |

that even the brute creation, to whom every thing else was in common, maintained a kind of permanent property in their dwellings, especially for the protection of their young; that the birds of the air had nests, and the beasts of the field had caverns, the invasion of which they esteemed a very flagrant injustice, and would sacrifice their lives to preserve them….

And therefore the book of Genesis (the most venerable monument of antiquity, considered merely with a view to history) will furnish us with frequent instances of violent contentions concerning wells; the exclusive property of which appears to have been established in the first digger or occupant, even in such places where the ground and herbage remained yet in common. Thus we find Abraham, who was but a sojourner, asserting his right to a well in the country of Abimelech, and exacting an oath for his security, "because he had dug that well."[5] And Isaac, about ninety years afterwards, reclaimed this his father's property; and, after much contention with the Philistines, was suffered to enjoy it in peace.[6]

We have also a striking example of the same kind in the history of Abraham and his nephew Lot.[8] When their joint substance became so great, that pasture and other conveniences grew scarce, the natural consequence was that a strife arose between their servants; so that it was no longer practicable to dwell together. This contention Abraham thus endeavored to compose: "let there be no strife, I pray thee, between thee and me. Is not the whole land before thee? Separate thyself, I pray thee, from me. If thou wilt take the left hand, then I will go to the right; or if thou depart to the right hand, then I will go to the left." This plainly implies an acknowledged right, in either, to occupy whatever ground he pleased, that was not pre-occupied by other tribes. "And Lot lifted up his eyes, and beheld all the plain of Jordan, that it was well watered every where, even as the garden of the Lord. Then Lot chose him all the plain of Jordan, and journeyed east; and Abraham dwelt in the land of Canaan."

It was clear that the earth would not produce her fruits in sufficient quantities, without the assistance of tillage: but who would be at the pains of tilling it, if another might watch an opportunity to seize upon and enjoy the product of his industry, art, and labor? Had not therefore a separate property in lands, as well as moveables, been vested in some individuals,…

| A.23 | **Gibson §46** ....The general term ***trustee*** denotes and includes....clerks, sheriffs, constables,...all persons who give bonds  For the faithful discharge of their Duties.....[Quasi-trustee...managers, president, directors of corp'n or assoc'n] |
| A.24 | **Gilbert §280** Acceptance relates back. The Trustee's acceptance normally relates back to the time the Trust came into being. |

| A.25 | **Gibson § 816.** Injunctions Against Illegal Taxes.—<br>No injunction can be granted against the collection of a tax due *the State*, 57 but if *a county or city, or other public corporation*, attempt through its officers to collect *any tax not warranted by the law, or the Constitution*, the Chancery Court has jurisdiction to enjoin the collection of such a tax, 58 and any one tax-payer may sue on behalf of himself and all others, and enjoin the collection of the entire tax.<br>      Texas Constitution, Art. 8. - Taxation And Revenue, § 1-e.. Abolition Of Ad Valorem Property Taxes.<br>No State ad valorem taxes shall be levied upon any property within this State. (Added Nov. 5, 1968; amended Nov. 2, 1982, and Nov. 6, 2001.)<br>(TEMPORARY TRANSITION PROVISION for Sec.1-e: See Appendix, Note 3 |
|------|------|
| A.26 | **Gibson § 949.** Cases for Specific Performance<br>Contacts and Trusts possess obligations demanding a duty of Specific Performance<br>**Gibson § 962.** Suretyship, Subrogation & Substitution<br>**Gibson § 963.** Frame and Form of Bill for Exoneration of Sureties<br>**Gibson § 964.** Suits for Subrogation<br>**Gibson § 965.** Form of Bill for Subrogation and Substitution |
| A.27 | **Gilbert Law Summaries:** Trusts_13th Ed. By Edward C. Hallbach, Jr. |
| A.28 | **Commentaries on Equity Pleadings, and the Incidents Thereof** by Joseph Story 10th Ed.  Vol. I & II, 1892. |
| A.29 | **John Norton Pomeroy Equity Jurisprudence Vol. I-IV 1905:**<br>Pomeroy's Equity Jurisprudence vol. 3, p. 2397, Sec. 1051, it is stated that: "A constructive trust arises whenever another's property has been wrongfully appropriated and converted into a different form. |
| A.30 | • **Pomeroy** states in *(4 Eq. Jur. [3d Ed.] § 1362)*:<br>"Where the controversy, in addition to its legal aspect, involves some equitable estate, right, or interest which is exclusively cognizable by a court of equity, so that a complete determination of the issues cannot be made by a court of law, it is well settled that equity not only may, but must, interfere at the suit of the party in whom the equitable estate or right is vested, and restrain the action at law, and decide the whole controversy.' |
| A.31 | **Jairus Ware Perry:** "A Treatise On The Law Of Trusts And Trustees Vol. I & II 1889 |
| A.32 | **Richard Preston:** A Treatise on Conveyancing & The Law of Merger. Vol III 1829 |
| A.33 | • The equitable construction which restrains the letter of a statute is defined by Aristotle, as frequently quoted, in this manner: *"aequitas est correctio legis generaliter latae, qua parte deficit"* (equity is the correction of law that is too wide, in the particular part that is defective). |

| | |
|---|---|
| | • The jurisdiction of courts of law in said to be ordinary and general, while that of courts of equity is extraordinary and specific.<br>http://www.archive.org/stream/reportscasesinl05courgoog#page/n293/mode/2up/search/equity |
| A.34 | **Samuel A. Blatchford:** General Rules of the Supreme Court of the United States 1884 |
| A.35 | AQUIESCENCE: Acquiescence and laches are cognate but not equivalent terms. The former is a submission to, or resting satisfied with, an existing state of things while **latches implies a neglect to do that which the party ought to do for his own benefit or protection**. Hence laches may be evidence of acquiescence. Lach imports a merely passive assent, **while acquiescence implies active assent**. In re Wilbur's Estate."Acquiescence" relates to inaction during performance of an act while "laches" relates to delay after act is done. "acquiescence is a species of estoppel." [BlksLaw4thEd.,'68,pg.40]<br><br>*QUI TACET, CONSENTIRE VIDETUR.* He who is silent is supposed to consent. The **silence of a party implies his consent**. Max. 138, 787. [maxims of law]<br>*QUI TACET CONSENTIRE VIDETUR, UBI TRACTATUR DE EJUS COMMODO.* He who is silent is considered as assenting, **when his interest is at stake**. [BlksLaw4th'68,pg.1414] [maxims of law] |
| A.36 | **Vested Rights:** Selected Cases and Notes on Retrospective and Arbitrary ... By William G. Myer<br>   598. By " due process of law " is meant process which, following the forms of law, is appropriate to the case, and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained; and, wherever it IS necessary for the protection of the parties. it must give them an opportunity to be heard respecting the justice of the judgment sought. It means that *there can be no proceeding agains life, liberty or property which may result in the deprivation of either, without the observance those general rules established in our system of jurisprudence for the security of private righ* The effect of the provision is to secure the individual from the arbitrary exercise of the powers government, unrestrained by the established principles of private rights and distributive justice.<br>   594. "Due process of law" means such an exercise of the" powers of government as the settled maxims of the law permit and sanction, under such safeguards as these maxims prescribe for the class of cases to which the one in question belongs It is intended to secure the citizen from the arbitrary exercise of the powers of government, unrestrained by the established principles of right and distributive justice. The validity of a statute which interferes with a man enjoyment of his property is to be tested by those principles of civic and constitutional protecti which have become established in our system of laws.<br>   595. "Due process of law," when applied to judicial proceedings, means a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the enforcement and protection of private rights. To give such proceedings any validity there must be a tribunal competent by its constitution - that is, by the law of its creation —to pass upon the subject-matter of the suit; and if that involves merely a determinati of the personal liability of the defendant he must be brought within the jurisdiction of the court service of process within the state, or he must appear voluntarily. |
| A.37 | • A court of equity always has power to modify its decrees,...<br>http://archive.org/stream/newyorksuprmcrt26newyiala#page/328/mode/2up/search/equity |

| | |
|---|---|
| | • Equity regards with jealousy all dealings between trustees and *cestui que trust*, interfering on the slightest appearance of hardship or advantage, and going so far, even, as to deem such transactions void prima facia, and to require their fairness to be affirmatively shown.<br>http://www.archive.org/stream/reportscasesinl09courgoog#page/n295/mode/2up/search/equity<br>• Mr. Pomeroy says: "Equity regards the *cestui que* trust, in all instances except that last mentioned in favor of creditors, although without any legal title, and perhaps without written evidence of interest, as the real owner, and entitled to all rights and consequences of such ownership.<br>• No change in the form of the trust property, effected by the trustee, will impede the rights of the beneficial owner to reach it and to compel its transfer, provided it can be identified as a distinct fund, and is not so mingled up with other moneys or property that it can no longer be specifically separated'.<br>2 Pomeroy Equity Jurisprudence, sec. 1058.<br>http://www.archive.org/stream/reportscasesdec27oregoog#page/n149/mode/2up/search/equity<br>• "Trusts are governed by the ***intention*** of the party."---Viner's Abridg., 49G. "In the construction of a trust the intent of the party is to govern, and Courts of equity have always in cases of trusts taken the same rules of expounding trusts and of pursuing the intention of the parties therein as in cases of wills, and that even in point of limitations of estates, where the letter is to be as strictly pursued as in any case,"; "It is said to be a rule in equity, that if one comes into possession of trust property with notice of the trust he shall be considered as a trustee and with respect to that property bound to the execution of the trust.<br>http://archive.org/stream/casessouthcaroli33sout#page/173/mode/1up<br>• It is because the law does not give the defendant in such case, an adequate remedy, that equity steps in and gives it to him. The equitable right attaches only in cases where the legal remedy fails, and the defendant is given the equitable relief because substantial justice cannot be done without it.<br>http://archive.org/stream/newyorkstaterep01yorkgoog#page/n312/mode/1up/search/equity<br>• Equity is not bound by the rules of law in this respect, when such rules will permit fraud to triumph.<br>http://www.archive.org/stream/reportscasesdec41oregoog#page/n359/mode/2up/search/equity |
| A.38 | ACCOUNTING---WHAT NECESSARY.<br>In order to justify a resort to a court of equity or a decree for an accounting, there must be some trust or fiduciary relation between the parties; the existence of a bare agency is not sufficient.<br>http://archive.org/stream/newyorkstaterep00yorkgoog#page/n518/mode/1up/search/equity<br>• "(3) As long as trust property can be traced and followed, the property into which it has been converted remains subject to the trust; and, if a man mixes trust funds with his, the whole will be treated as trust property, except so far as he may be able to distinguish what is his. This doctrine applies in every case of a trust relation, and as well to moneys deposited in bank, and to the debt thereby |

| | |
|---|---|
| | created, as to every other description of property. http://archive.org/stream/casesdetermined02eatogoog#page/n35/mode/1up/search/equity <br><br> • Whatever power a court of equity has over a trust fund to appropriate it to the payment of the *cestui que* trust's debts, it has this power only where there is a clear right in the *cestui que* trust himself to reach the fund by his own bill, under the equity head of jurisdiction, called Trust. http://www.archive.org/stream/newjerseycases30newj#page/648/mode/2up/search/equity |
| A.39 | • A court of equity must always aim to set upon broad principles of justice, disentangled as much as possible from little technicalities. http://www.archive.org/stream/newjerseycases30newj#page/572/mode/2up/search/equity <br><br> • "Proceedings in equity are conducted with less regard to mere matters of form and technical objections than proceedings at law. http://www.archive.org/stream/newjerseycases30newj#page/252/mode/2up/search/equity |
| A.40 | • While State statutes cannot control the jurisdiction of equity courts in any way by declaring what is a legal or an equitable cause of action, yet it must not be understood that the Federal courts of equity will not enforce new rights and remedies or new remedies for old rights created by State legislation, after it has acquired jurisdiction based upon its own independent grounds of determining it. http://archive.org/stream/cu31924020098707#page/n188/mode/1up/search/equity <br><br> • There is no question that a legal right will be enforced if the remedy sought be equitable; that is to say, if some equitable relief is necessary to sustain or support the legal right, such as specific performance, rescission, reformation, or injunction, equity will take jurisdiction and give both legal and equitable relief; but there are conditions under which a court of equity will give a purely legal remedy. http://archive.org/stream/cu31924020098707#page/n197/mode/1up <br><br> • While it is true that a court of equity will more readily open and examine a settled account between parties standing in fiduciary relations than others.... http://www.archive.org/stream/reportscasesdec31oregoog#page/n75/mode/2up/search/equity |
| A.41 | • Sir William Grant said it was *always a question of intention* whether the party *meant* to exercise the power or not. --1 Sugden on Powers. *372; 8 Ves. Jr., 616. <br> • "All that is necessary is that the *intention to execute the power* should clearly appear in writing." ---Story Eq. Jur., sec. 172. <br> • "An act done not strictly according to the terms of the power, but consistent with its *intent*, may be upheld in equity." ---Ibid, sec. 172. http://archive.org/stream/casessouthcaroli33sout#page/23/mode/1up/search/equity <br> • But not only is this true, but the Federal Courts have been extremely jealous to guard the equity jurisdiction against limitation or restraint by reason of State legislation creating or limiting remedies. |

| | http://archive.org/stream/cu31924020098707#page/n176/mode/1up/search/equity |
|---|---|
| A.42 | **Bills of Review** may be brought, so all the authorities agree, in two classes of cases:<br>1st. **For error apparent on the face of the decree** and,<br>2d. **For new discovered facts and evidence.**<br>Lord REDESDALE (whose work is, perhaps, of as high authority as any ever published) likewise regards them as being in the nature of original bills. He says they "are not considered as a continuance of the former bill, but in the nature of original bills."<br><br>On the other hand Cooper considers them as belonging to the class of bills not original. So Story (whose excellent work on Equity Pleadings is based upon and largely borrowed from Lord REDESDALE) treats them "for all the objects of his work, as included in the class of bills not original." Story Eq. Pl., § 16; see, also, §§ 20, 326,338, 403, et seq.<br><br>The further ground is then taken that bills of review are not original bills, but are in the nature of a petition or motion for a new trial; that the jurisdiction to entertain them is incidental to the power of the court to render a decree; that is, wherever a court has power to render a decree, it has, as an incident, the power to hear a bill of review to correct it, whether for error apparent on the face of the record or upon the discovery of new matters. |

| A.43 | **Maxims Of Equity** |
|------|----------------------|

**Maxims Of Equity**

1) Equity sees that as done what ought to be done
2) Equity will not suffer a wrong to be without a remedy
3) Equity delights in equality and impartiality
4) One who seeks equity must do equity
5) Equity aids the vigilant, not those who slumber on their rights
6) Equity imputes an Intent to fulfill an obligation
7) Equity acts *in personam*
8) *Equity abhors a forfeiture*
9) Equity does not require an idle gesture
10) Equity requires Diligence, Clean Hands and Good Faith
11) Equity delights to do justice and not by halves
12) Equity will take jurisdiction to avoid a multiplicity of suits
13) Where Chancery has Jurisdiction for one purpose, It will take Jurisdiction for all purposes
14) Equity follows the law
15) Equity will not aid a volunteer
16) Superior Equity shall always Prevail: Where there are equal equities, the law shall prevail. Otherwise Priority shall prevail.
17) Equity will not Perfect an Imperfect Gift
18) Equity comes to the Aid of the Legally Disabled
19) Equity will not allow a statute to be used as a cloak for fraud
20) Equity will undo what Fraud has done
21) Equity will not allow a trust to fail for want of a trustee
22) Equity regards the Beneficiary as the True Owner.
23) Equity looks to the intent and substance rather than form
24) Equity and Purity are synonymous terms
25) He who occasioned the loss must bear the burden
26) Principles govern rather than precedents
27) Equity suffers not advantage to be taken of a penalty or a forfeiture, where compensation can be made.
28) *Haeredem Deus facit, non homo*: God and not man, make the Heir  (A.3)
29) *Haeres est eadem persona cum antecessore:* The Heir is the same person with the Ancestor
30) *In restitutionem non in paenam haeres succedit*: The Heir succeeds to the restitution not the penalty.
31) The Heir and his ancestor are one and the same person. That is, on in right, the Heir succeeding to the rights of his ancestor, just as the King never dies.

# INDEX OF CLERK RECORD EXHIBITS

Rearranged by Cause and Case Number,

for easier directed reference, Available upon Request

## NOTICE:

Hereafter, to save room, **Clerk's Record, Volume 1 or 2** will be referenced as

**(V.1, _or_ V.2; with Clerk's Record being assumed,** after which the document's

beginning **Page number** will be referenced **P.\_\_),** whatever number the document

being referenced.

Likewise, **Index of Authority** shall be referenced as **A.xx**, to save room, and

allow for referencing the [Index of ]Authority.

# STATEMENT OF THE *PRIMARY* CASE

**NATURE OF THE SUIT:**
**Equitable Performance of Duty to Continuing Obligations**

Appellant seeks Specific Performance of the Contract for the *species* of right and title granted, as trust *res* property belonging to her trust.[13]

The evidence will show Appellant's Claim of trespass and breach of trust by All Appellees on the granted right and title of Appellant, despite six years of good faith notices of perfected title; extinguishing prior color of law/ imperfect title/deed. Appellee's silence and non-existent response to subpoena to provide evidence of Mode of acquiring jurisdiction, standing and privity, and their silence regarding Appellant's claims, provides evidence of equitable doctrines running.

Appellant's unbroken chain of root title[14] back to the common source severance of the sovereign demonstrates Appellant is the grantee/ assignee named in the contract, evidenced by a unbroken chain of conveyances to the original contract being scribed, ceded and relinquished with no exceptions or reservations retained by the Republic for future generation of income; rather, all *species* of right and title possessed by the Republic being relinquished and the *same* being granted by nature to Borden, his heirs and assigns, forever. Appellant is the surety, secondarily liable, to pay the debts of the debtor under compulsion, and threat of harm to trust property, thus the subrogee, to stand in the shoes and rights of the creditor.

---

[13] Gibson § 949. Cases for Specific Performance
[14] See complete unbroken chain of title, sent registered mail to Land Commissioner:V.2; P.333-337

# STATEMENT OF THE CASE: PROCEDURAL HISTORY

**TRIAL COURT:**   1. Primary cause: 2017v-0103, a Suit in Equity;
See: (V1; P.404-425)

2. Related causes: 2015v-0134; 2015v-0152[15];
2014v-0041

3. Recusal of Judge Steinhauser requiring a Master of Chancery in Exclusive Equity Jurisdiction vested with Judicial Powers to hear this special and peculiar matter, in his stead

## PROCEEDINGS BELOW IN AT LAW SUITS:

The Related causes, will provide evidence of actual and constructive notice given, ignored, never repudiated or challenged with superior title; trespass and breach of trust by Appellee's on Appellant's *specie* of right and title as granted, and the 155th District Court's bias (A.10) and prejudicial approach to hearing non-textbook property tax cases, ignoring Appellant's invoking TRCP Rule 53:Special Act or Law, as an affirmative defense. Judge did not ascertain the legislative intent to interpret the old laws, the evil and the remedy provided simply stated and expressed within the laws in force and effect when land was granted; its protection being specifically expressed in the Articles of the 1845 constitution[16], as worthy of notice.

In Appellant's special and unique matters of first impressions, Judge Steinhauser violated his oath and duty to provide diligent effort to read and consider the merits of the jurisdictional challenged by Ruby for written evidence as proof

---

[15] 2015V-0152 incorporated by reference and made a part thereof, an Exhibit C:
MEMORANDUM OF FACT AND LAW IN THIS MATTER, a 72 page Memorandum of Law directly relevant to this suit, but which was intended to be filed along with other Exhibits, but this suit was prematurely concluded without benefit of being heard by Judge nor Jury of Appellant's peers.
[16] Articles 7 §20; Article 13 §1, 2, 3 & 10

entered onto the court record *prior to* hearing any arguments(V2;P.158); Ruby's arguments and defenses of the facts as they relate to the law regarding her special and peculiar *specie* of title, as provided to the court.

After denying Appellant uninterrupted time(V1.P.103: Line 8) to read her defense (V2;P.106) into the court record, to perfect her record for appeal if needed, the Judge ordered her documents entered into the Court Record- as Evidence in their entirety, and further, taking Judicial Notice of all. Just moments later, he signed a directed order submitted by Austin County's Counsel, prior to requiring Austin County's mode of acquiring jurisdiction, standing or privity to be proven on court record; and without unbiased consideration of the facts and law provided by Appellant; failing to give equal regard to both parties; thereby violating Appellant's civilian due process protections; evoking the feeling of discrimination relating to *pro se'* litigants; a complaint with any remedy.



The rights of the individual are not derived from governmental agencies, either municipal, state or federal, or even from the Constitution. They exist inherently in every man, by endowment of the Creator, and are merely reaffirmed in the Constitution, and restricted only to the extent that they have been voluntarily surrendered by the citizenship to the agencies of government. The people's rights are not derived from the government, but the government's authority comes from the people.

APPELLANT SHOWS THE COURT THE FOLLOWING:

- Stephen F. Austin was granted contract with Mexico to settle 300 families with good character and a variety of skillsets to ensure success in settling land in Austin's Colony for the Benefit of Mexico; later for the Republic of Texas. When someone holds something of yours for your benefit, it is a trust arrangement. There is scribed intent, purpose, parties, and *res*. (V.2; P 333)

- Appellant, as Pledgor/ Surety/Payor/Subrogee, has paid/satisfied/extinguished[17] the note and mortgage contract for payment of the mortgage loan to remodel her home (V2; P 336: Items 28 & 29) which Austin County has been Noticed of

- Appellant was up to date on all property tax *prior to* perfecting title on her land. Appellees initiated this matter by raising tax double on homesteaded home.

- Texas Attorney General's(A.23)   Office reviewed and gave legal determination that Appellant's documents acknowledging and accepting First Class Headright and Assignment of Land Patent 246- *at Austin County's District Attorney Travis*(A.23) *Koehn's request*; concluding 'all was legal; have her come record it'.

- Original root title for Appellant's private(A.22) land was granted by the Republic of Texas at a time when ***private non-commercial, non-income producing land*** was not subject to property classification, assessment or taxation. Neither Austin County or Austin County Appraisal District provides documentary evidence that land possessing a ***First Class Headright***[18] ***Certificate***, being granted February 3, 1838 by Board of Land Commissioners, filed with General Land Office for the Republic of Texas- were *ever* subject to any restrictions, including but not limited to: property classification, assessment or taxation. Borden's rights (and his heirs and assigns) were vested when Certificate 136 was issued.

---

[17] A mortgage is an assignment on condition. The condition being performed, the conveyance is *void ab initio;* equity dispenses with the time, and when the money is paid, the conveyance is void in equity and conscience.

[18] George P. Bush's Certificate of Fact (V.2; P468-469) on Patent 246: "That on February 3, 1838, N.J. DOBIE, President and the Board of Land Commissioners for Harrisburg County, Republic of Texas, certified that JOHN P. BORDEN was awarded Headright Certificate No. 136, and *proved according to law, that he arrived in this country in "Eighteen hundred and thirty one"* and is entitled to Three quarters of a League and a Labor of Land, and said certificate was filed in the Texas General Land Office in File 1st Class 41;"

- Appellant recorded Declaration of Land Patent Assignment in Austin County Records, perfecting title, acknowledging and accepting assignment *nunc pro tunc to 09 October 1845.* (V.2;P.50)

- Land Patents are acknowledged as being Contracts with the President, in "An Ordinance" at the bottom of the 1845 Texas Constitution, and in the Republic's records.

  *1.* The 1845 Texas State Constitution include, but not limited to Articles 7 §20; Article 13 §1, 2, 3 & 10 (see Special Suit, Amended October; Page 9, footnote 14) that protect the rights of men and property, stipulating rights remain in the same state under the State of Texas as was under the Republic of Texas, operating in part, as a Trust Indenture. In the organic 1876 Texas Constitution **Article 16, Section 18** the creators of the 1876 Texas Constitution found it necessary to declare that an individual of the Texas people had rights of property and those rights could not be taken away by any Act of the Texas legislature. *Although this Article 16 §18 was repealed Nov. 2, 1999, Appellant's rights were vested, having been conveyed her land in **1981**. Appellee Austin County, although noticed 12-11-15, have knowingly ignored, and pursued Appellant regardless. (See V.2;P.617)*

- Legal Notices are posted in Sealy News's Legal Notices, with opportunity for all interested parties to either come with older, superior title, or repudiate Appellant's Claim. (V.2;P.24-26)

- No party repudiated Appellant's Claim. All agreed with tacit acquiescence. (A.35)

- Appellant recorded a Confirmatory Patent (V.2; beginning P.14), with Legal Notice tear sheets, and Publisher's Affidavit, along with unbroken Chain of Title, and Homestead Declaration, after again being reviewed by Texas Attorney General's Office, again, at Travis(A.23) Koehn's request. No man or woman repudiated.

- Appellant served a Certificate of Withdrawal(V.2;P.449-463) - to remove private land from commercial registry, remanding back to private land(Allodial in nature-A.5); by Registered Mail using third party mailer. A Certificate of Service; Receipt for Acceptance of Document, being returned to third party mailer; Affidavit by third party mailer; Secretary of State's Authentication of Notary's Commission, along with receipts; all provide evidence of Certificate of Withdrawal being accepted by Austin County Appraisal District Agent, being notice to principle; after which, it has been concealed[19], removed, lost, etc., but not executed in good faith as required by Appellant Carmen(A.23) Ottmer.

- This concealed Certificate of Withdrawal, a government document, has been documented in numerous court documents since; never repudiated by Chief Appraiser(A.23). Silence is equitable doctrines running.

- Chief Appraiser Ottmer(A.23) refuses to remove Appellant's private land[20] from commercial 'residential' registry, refusing to acknowledge the perfected status of Appellant's private land(Allodial in nature-A.5); private equitable Trust(s), nor correct(A.5) the record.

- Appellant's attempts of *six years* to settle these matters privately in good faith(V.1;P.104:Lines 2-4), but unable due to the limitations of the parties in dealing with an Constitutional Equitable Trust arising from a Contract with the President by superseded Nation; The Republic of Texas. Appellant has filed a Certification of Trust (V.2;P.319-321), with no repudiation of Trust or Trusteeship. Appellee's Admit the Trust by tacit acquiescence(A.35).

---

[19] See Primary Suit in Equity, Specific Performance of a Contract, 2nd Amended Version-October, Footnote 19 taken from *Judicature Act of 1873*

[20] Being "private" isn't enough......Transfer and Conveyance of Chain of Title executed by "purely fundamental law" is the requirement [by constitutionally enabled law at large] EVERY law must have an "enacting clause" that identifies the authority that created the law, and to whom it applies.

- The government loses jurisdiction on private land, [save a criminal act being committed on the land], once a valid patent/grant is granted. Once ceded, relinquished, severed and divested from a sovereign government without exception or stipulated reservations, i.e., rights reserved for future generation of income; the government cedes/ relinquishes any and all right and title it formerly possessed; granting the same right and title it enjoyed to the grantee, his heirs and *assigns, forever.* The Doctrine of 'Relation Back'[21] applies to the expressed *intent* (A.37;41;42) of the grantor in the matter of this Contract, having continuing obligations.

- All superseded governments, transfer their sovereignty to the succeeding government, but land already ceded *via* land patent/grant into private hands are not affected; all private property (A.22)rights are vested, having accrued under the laws in force and effect when the land was granted.

- Texas State acknowledges, validates, and confirms land patents/grants by superseded governments. Texas confirms no reservations for minerals(V2;P.465) are reserved for the State of Texas in the conveyance of this land. [There are no other letters available for other types of reservations, but I am assured by Walter Talley(A.23), legal assistant to Texas GLO, that the Republic did *not* reserve minerals or other means to generate income, in patents at this early date]

- Austin County consistently from the beginning to present, refuses to state their mode of acquiring jurisdiction, standing or privity to collaterally attack Appellant's Right and Superior Title as challenged; recently defaulting on a Court *Subpoena*[22] *dues tecum / Pro Confesso,* requiring them to file their validated evidence of jurisdiction; signed on and for the record within twenty-one days. Therefore,

---

[21] Table of Authorities: A.24: Gilbert §280 Acceptance relates back.
[22] See Exhibit 1.4; Clerk's Record, Vol. 1, Page 16-20, with resulting Clerk's Affidavit: Exhibit 1.5, Vol. 1, Page 403

Austin County possess no authority to pursue this matter in court, and the Court proceeding without evidence of Jurisdiction being put on the face of the record as required, loses any presumption of jurisdiction it presumes to possess.

- Appellant, being the surety, secondarily liable; having paid the debt of the debtor to the creditor under duress, now requires to be subrogated (A.26 § 962) to stand in the shoes of the creditor, to possess the rights of the principle; be it Austin County, and/or Texas State.

- Appellant requires Specific Performance of a Contract (A.26 § 949) (with the President), for the *specie* of right and title as granted to the assignee, (Appellant being the Assignee/Grantee named- through unbroken chain of transfer of title back to common source root title).

- All parties, named as Appellees(A.23), having trespass on private rights, land, title, trust, body, name, and privacy of Appellants; having all received equitable notices; both actual and constructive Notice to Cease and Desist, or equivalent; refusing to perform their fiduciary duty in this special matter.

    - Appellant gives equitable notice of all this documented evidence into the court record, which Judge Steinhauser knows or should have known, had he performed his fiduciary duty to familiarize himself with Appellant's defenses and notices[23]; and despite admitting *ALL* Appellant's documents as 'evidence' filed with the court's record, then stating on the record that he would take Judicial Notice(V.1;P98-99) of *ALL* Appellant's filings [as evidence]; *just moments later -*

---

[23] Austin County's Counsel, Leslie Schkade ONLY spoke of Codes; not LAW, not Constitution…. Ruby spoke of herself as a woman, in the flesh, gave her given name to the court, objected in being referenced as an entity, was there by special appearance to challenge the jurisdiction of the court; yet, on page 78 of the 2014V-0041 Court Transcript, with no Jurisdiction on the face of the record, Judge Steinhauser states "the court finds it has jurisdiction and that the entities that Ms. Schkade represents all have standing *under the Texas Constitution and law*". Schkade never referenced where in the Constitution or Law she found evidence of mode of acquiring Jurisdiction[it being relinquished of all right and title. Where does a succeeding government's corporate political sub-division gain jurisdiction?]; she only spoke of CODES. Yet, Ruby wrote and spoke of Contracts having no reservations, relinquishing all right and title, confirmed in the Constitution, laws, Supreme Court Cases, but the Judge gave no credence to her evidence, giving judgment to the County.

he presumed to know the sum of Appellant's substance in this special and unique matter being determined from Appellee's attorney, without reading or hearing Appellant's complete defense without being interrupted; thereby immediately thereafter signing directed order(V.1;P.107) by Appellee's attorney; taking no consideration of the considerable amount of law, historical foundational evidence, and supreme court cases specific to this special Contract provided to the 155th District Court by Appellant.

- See: Court Reporter Transcript: Exhibit B:(V.1;P.50--109)

•Appellee:CenterPoint Energy is discussed in detail in 2017V-0103(V.1;P.404-423)

# STATEMENT OF THE CASE:
# APPELLEE'S RESPONSE TO ISSUES PRESENTED

Appellees(A.23) only response has been in repeating that this private land is "located in this state" and "located as shown by this 'X'[24] to be located in Austin County"; as well as their converting the woman to being a "person", a "taxpayer", "located in this state"; and claims on this basis *alone* is thus under the jurisdiction of the *Texas Property Tax Code*, while not providing evidence on the record that any of these codes *apply specifically* to Appellant (who challenged with evidence; remaining unrepudiated to date); or Appellant's possession of private land; obligating her to performance of a known duty to their corporation, when in fact Austin County Appraisal District, and Texas State were not in existence when land was granted in1845.

Although Appellant's challenged Jurisdiction, Standing and Privity since 2011, Appellees(A.23) have failed to provided *any* evidence of mode of acquiring Jurisdiction on and for the record, with signature signed under penalty of perjury; even recently defaulting on District Court Subpoena, as evidenced by District Clerk Affidavit. Appellees(A.23) refuse to put *any* evidence on the record; ignoring all evidence presented by Appellant of Perfected Right and Title accruing under the laws in force and effect when granted; Appellee's have agreed with Appellant by *tacit acquiescence(A.35* )they have none; have slept on their rights, and remained silent. Austin County's silence must, under the circumstances be construed into a waiver of their right to such relief in equity, their silence being equitable doctrines are running. Appellee CenterPoint Energy has not responded to any Notice, Demand, Challenge, Public Utility Complaint, Subpoena, or other -on and for the record.

---

[24] See Exhibit 4.5; Clerk's Record, Vol. 2, Page 668-670

Although Appellant served an Equitable *ProConfesso* by *Subpoena dues tecum* on both Austin County[25], *et al.*, **and** on CenterPoint Energy, Inc[26] giving each twenty-one(21 days) to respond, both have slept on their rights to put their written evidence of authority, mode of jurisdiction, privity to challenge unimpeachable superior right and title - onto the record, and Clerk's Affidavits avers their default to Court Subpoena, putting them both in *quasi* contempt of court, and bars them by Estoppel.

**ON A SIDE NOTE:** [Appellant's private land was initially contracted, accepted, platted and sold as **unrestricted**. Chief Appraiser(A.23) has ignored all evidence in her possession of perfected title, and has made a legal determination without authority that Appellant's land is commercial residential property: "real estate" being single family dwelling; having no authority to make such legal determination of status of Appellant's Private Trust Sanctuary Estate. Appellant's home is shelter from the elements and safety, just as clothing is for warmth and decency; being unalienable rights endowed by God; not in commerce, for profit, non-income generating, not on any real estate market for sale; and derives no benefits from Austin County in exchange for compelled financial burden; She is provided no water, sewer, trash, police, has received no public schooling for her 2 children, no emergency medical received, and only volunteer fire department by local men and women is available, but not utilized.

The roads are in **extremely poor repair**, going from paved populated with potholes -reverting back to gravel, damaging people's autos; yet the taxes keep rising (doubling overnight),without **any** equitable benefits realized by Ruby for her compelled contribution in more than thirty-six(36) years.

Whatever services Appellant needs, she pays for herself above and beyond the tax paid under the auspices of necessitated *payment for county services rendered*. Appellant fails to see any beneficial equity in these compelled trust relations. She is the beneficiary, yet receives no benefits.

Appellant has requested a "Bill" be sent to her, which Appraiser refuses to mail. Appellee Ottmer(A.23) only mails "Statements" utilizing the U.S. Mail. All Public Officials oath's of office to uphold and defend Texas and U.S.A. constitutions, securing the people's unenumerated and unalienable birthrights endowed to them by God their Creator, which guarantee due process protections of the people; private property (A.22) ownership and the protection of their rights, by those in government to which *we the people do ordain government;* granting a limited few enumerated rights to those in government for the intent and purpose to bind our public servants to equitable

---

[25] See Exhibit 1.4; Clerk's Record, Vol. 1, Page 16-20, with resulting Clerk's Affidavit: Exhibit 1.5, Vol. 1, Page 403

[26] See Exhibit 1.6; Clerk's Record, Vol. 1, Page 21-26, with resulting Clerk's Affidavit: Exhibit 1.7, Vol. 1, Page 438

relationships, to protect the we the people as required, relating to **"intangible right of honest services"?**

The *ad valorem* taxation in Texas being unconstitutional, but beyond that, is not equitably distributed, as Austin County's Chief Appraiser Carmen(A.23) Ottmer's home *and* CEO of Appraisal District, Michael(A.23) Scearce's home property taxes are/were reduced every year for many years, lower than 5 plus years previous(screenshots herein incorporated by reference and made a part thereof); providing evidence of *personal unjust enrichment*.] **END OF SIDENOTE.**

In Appellee's Attorney, Leslie Schkade's 8 March 2018's Objection to Appellant's Motion to Exceed Word and Page Count, she states in number 2.: "There are no other appealable orders in cause numbers 2015v-0134 or 2017v-0103. The other cases cited by Appellant (2014v-0041 and 2015v-0152) have long been resolved and are no longer appealable."

Appellant objects. Jurisdiction can be challenged at any time. [27] This matter of Appellee's Jurisdiction has NEVER been put on the record, signed under penalty of perjury, nor has any evidence for jurisdiction, privity or standing been in evidence to move this court from the beginning (A.37).

On the same Objection, number 3.: Schkade writes: "This is not an appeal of the determination of whether Appellant is delinquent in the payment of property taxes or understanding historical land laws and statutory intent. All other issues besides the denial of recusal motion are not ripe for the court of appeals to consider.
WHEREFORE, PREMISES CONSIDERED, Appellee respectfully prays that this Honorable Court deny Appellant's request to exceed the brief length."

Appellant Objects: This is an equitable matter in *Special Term (A.30)*; and reaffirms that this entire matter is about Jurisdiction, and Breach of Contract of Specific Performance of a Contract. Appellant's Application for Interlocutory Decree (V.2;P.570-573) speaks to this, as well as the other documents in this foundational issue. Any "*PREMISES*" are subject to Appellant's rights and defenses, which have not been taken into consideration. Judge's order was voided[28] by Appellant, filed into the record, noticed to all parties as well as to *both* Courts of Appeals in Houston, and needs to be corrected on the face of the record (A.33).

---

[27] Bates §11 The Jurisdiction must appear on the face of the record.
[28] Gibson § 25.q All suits for a new trial after a judgment at law;  §25.r All suits to have void judgments so declared, and to avoid voidable judgments;

# SUMMARY OF THE ARGUMENT(S)

**Cause 1:**   **2017v-0103:** See Primary Cause: Specific Performance  Amended 10 October ; (V1;P.404-425)

According to Appellant's Primary Cause,  A Suit for Specific Performance of a Contract, which Appellant filed this suit originally in June 2017, and amended it 10 October 2017:(V1;P.404-425) To summarize it, it deals with the Specific Performance of a Contract by the President of the Republic of Texas, ceding and relinquishing *all* right and title, without reservation or exception stipulated within the contract; conveying land out of the public domain into private hands; granting the same rights and title previously possessed by the Republic - to Borden, his heirs and assigns, forever.

Appellant seeks Specific Performance of the Contract for the *species* of right and title granted, as trust *res* property belonging to her trust;  preventing loss of Appellant's good name; as well as trespass on all trust property by Austin County, *et al.*, **and**  by CenterPoint Energy (further discussed in V.1;P,404-425).

**Cause 2:**   **Related Causes: 2015v-0134;   2015v-0152;   2014v-0041**

The Plaintiff's prerogative is to set jurisdiction on and for the record authenticated by the 'sufficiency of their pleadings', and to state their  claim upon the Defendant, on and for the record, with evidence to validate their claim. Appellant has  steadfastly from the beginning, challenged Appellee's authority, standing, privity and jurisdiction, and Appellee's have resisted putting any statement with evidence for claims

of their authority on the record, refusing to address challenges of authority by Appellant (V.2;P582-597); recently defaulting on a Court Ordered *Pro Confesso / Subpoena dues tucum*, thus being in quasi contempt of court. With regard to discovery- Austin County has resisted to the extent of petitioning the Attorney General[29] for protection (claiming 'attorney/ client privilege') to avoid answering questions about untruthful statements made by Appellee Ottmer(A.23) in Appraisal Review Board hearing;

AUSTIN COUNTY, *et al.,* suit(s)/claim are and can only be for their validated interest being secured as it pertains to this Trust's *res* property.

**W**hereas, AUSTIN COUNTY, *et al., have not made claim* (older, superior or otherwise), pertaining to this private land, possessed by Beneficiary as trust *res* property(A.22) of this private land trust; nor have they declared or provided any evidence on and for the record to the Court-of privity, constitutional authority, (to which they have sworn an oath to uphold and defend, and Appellant has acknowledged and accepted their oaths(A.23), creating an *in personam* equitable trust arrangement); nor interest, contract, consent, valuable consideration, or proof of jurisdiction in writing, on and for the record, signed, and sworn to under penalty of perjury. As such, There is none.

> More than one hundred years ago Lord Camden said: "A court of equity will always refuse its aid to a stale demand, when the party has slept upon his rights, or acquiesced for a great length of time. Nothing will call forth the activity of a court of equity but conscience, good faith and reasonable diligence." (A.43)

**T**herefore, AUSTIN COUNTY, *et al.,* have not made any claim for which relief can be granted.

---

[29] Included by reference and made a part thereof by reference

**Cause 3:    Change of Venue / Recusal of Judge Steinhauser**

Judge Steinhauser(A.23) and the 155th District Court, as evidenced on the record, failed to perform his fiduciary duty to read Appellant's Documents and know the basic jurisdictional challenges, arguments / defenses, as well as reservation of all unalienable rights[30], being put on the court record, filed under Affidavit; failed to demand Austin County and their Counsel prove their mode of acquiring jurisdiction, standing, privity, and put their evidence as proof on and for the record, prior to proceeding(V.2;P.158). Judge presumed Austin County's Attorney's statements to be all he needed to consider, and made his biased (A.10) order without considering Appellant's jurisdictional challenges, her TRCP 53 defense; comparing facts of the matter to law to make an Constitutional, Just and Lawful Order. Further, he with prejudice did obstruct and refuse Appellant uninterrupted time to read her defense (V.2; P.106) into the record, thereby violating her civilian due process protections, preventing her from perfecting her case for appeal. Proceeding without proof of jurisdiction on the face of the record, there can be no discretion, as discretion   is incidental to jurisdiction.

See: Amended Findings of Fact (V.2; P.223), and Void Judgment (V.2;P.265)

---

[30] Appellant retains all rights, having NOT surrendered nor waived *any* rights endowed to me by my Creator God. As a private civilian, she reaffirms that she preserved, maintains, and retains at all times, her enumerated constitutionally secured rights especially, but not limited to, all equitable aspects of this matter. Waivers of Constitutional Rights must not only be done voluntarily, they must be knowingly intelligent acts done with sufficient awareness of the relevant circumstances and consequences.

# ARGUMENT

FIRST CAUSE: 2017v-0103 -
Suit in Chancery for Specific Performance
of a Contract - Amended 10 October -
Please Read: Clerk's Record: Vol. One, beginning page 404 - 425 for
complete argument of Primary Cause 2017v-0103

1.    This is a suit lodged in exclusive equity that arises under the Constitution of the United States and that of the State of Texas. The rights of the Appellant are in jeopardy, being those of a private citizen of Texas, and that of an American National; being those classes which the Constitution of the United States of America either confers or has taken under its protection of a judicial nature, and no adequate remedy for their enforcement is provided by the forms and proceedings purely legal, the same necessity invokes and justifies, in cases to which its remedies can be applied, that jurisdiction in equity vested by the Constitution of the United States of America derived directly from Article III sovereign judicial power (A.15;17)of the United States and laws of the United States original Judiciary Act of 1789 (I Stat. 73) original exclusive jurisdiction of equity analogous the circuit courts of the United States and co-ordinate and in co-extensive to the forms, practice, mode and procedure of the federal equity rules of the United States 1912, and Supreme Court of the United States Rule 48.2", and which cannot be affected by the legislation of the emergency provisional Congress, the States, nor the agencies subject to the law of the District of Columbia.

2.    This Special cause pertaining to a Trust arising from a Contract with the President of previous and superseded government; The Republic of Texas,

executed under the laws in force and effect when the land was granted; signed under seal by both the President and the Land Commissioner, being accepted and perfected by grantee, for the benefit of himself, his heirs (A.3) and assigns.

3. This Contract possesses a Duty of Specific Performance(A.26) of special and peculiar *specie* of right and title ceded and relinquished; possessing Continuing Obligations; to not claim again that which was granted.

4. All Right and Title heretofore held and possessed by the Republic, [special and peculiar *specie* of right and title] is relinquished, [without any reservation or exception- for future generation of income] and grant the same, [right and title] by Letters Patent to John P. Borden, his heirs and assigns, forever. Any reservation of interest must have been presented in the original patent proceeding or be barred. It is difficult to see how the patent can be described as settling in the grantee a full and complete title, while at the same time holding that it was burdened by a servitude of the magnitude of that asserted by Austin County in this special matter.

5. The 1845 Texas State Constitution include, but not limited to Articles 7 §20; Article 13 §1, 2, 3 & 10 that protect the rights of men and property, stipulating they remain in the same state under the State of Texas as was under the Republic of Texas, operating in part, as a Trust Indenture. The Doctrine of Relation Back[31] is in operation, as the rights of the heirs/assignees/grantees are those that accrue at the time the land is granted; accepted *nunc pro tunc* to 09 October 1845.

---

[31] Gilbert §280 Acceptance relates back. The Trustee's acceptance normally relates back to the time the Trust came into being.

In settling land claims involving the land of a superseded government, a court or tribunal is bound by the laws in force and effect, treaty under which the lands were ceded, international law, equitable principles, the decisions of the United States Supreme Court, and the laws, customs, and usages of the ceding nation.

6. Texas State acknowledges, confirms and validates patent contracts granted by superseded government; the Republic of Texas, upon which Ruby, in good faith, is counting...

7. Appellees: Austin County Sheriff's(A.23) Department mistake Appellant's references to her assignee/grantee source of title, making false assumptions/ false statements[32] on legal documents under oath and affirmation, filing documents into government records, court records, creating false impressions, and slandering Appellant's good name, (her most valuable property), creating potential for life threatening harm to Appellant

8. Appellee: CenterPoint Energy disregard multiple Legal Notices by Registered Mail; Posted No Trespass Notices; Do NOT Install Smartmeter Notice; *in personam* Notices of NON-Consent; continuously trespass on Appellant's land, invading Appellant's home; surveillance without cause or warrant, putting Appellant's family in constant state of radiation, causing harm to Appellant without authority or jurisdiction, for the purpose of unjust enrichment. This Argument is fully discussed in 2017V-0103(V.1P.404-425)

9. The current political subdivisions(A.33) of Texas, do not possess privity to contest Appellant's unique and peculiar land title; as Land Patent Grants possess

---

[32] Table of Authorities: A.6 False Witness against thy neighbor

unique status of as unassailable, and immune to collateral attack; in contrast to common color of law deeds, possessing no protections. As Austin County's political subdivisions are not parties to the Contract, nor even in existence when the Contract was executed, and the Contract itself making no reservation or exception for future generation of income off this land ceding and relinquishing its entirety by superseded government; Appellees possess no standing to trespass on Appellant's land title exclusively possessed, and held in Trust as Trust *res*.

10.     This Appeal relates to Appellant's challenges of Trespass on specific *species* of right and title being granted (to assigns); held as Trust *res* for the benefit of the Beneficiary, *which several parties- the Appellees of this suit,* have continued as nuisances.

❖The above is a brief overview of arguments pulled from Cause 2017V-0103 Amended Suit in Equity…, (V.1;P.404-425) which being the Primary Cause in this 01-17-00716-CV hearing, Appellant refers the Court back to the Main Cause 2017V-0103 Amended Suit in Equity…, (V.1;P.404-425), for the Complete Argument.

# SECOND CAUSE: APPEAL OF RECUSAL OF JUDGE

11.     The 155th District Court has failed in its duty to diligently protect Civilian Due Process[33] Protections in its Court; nor has it demanded sworn proof of Jurisdiction, Standing, Privity and Authority - on and for the record, to be first proven once Challenged(V.2;P.158-159). Appellant has consistently from the beginning challenged Standing, Jurisdiction, Privity, and Authority and the Appellees have refused addressing or providing evidence on and for the record of their mode of acquiring Jurisdiction, Evidence of Standing, Privity and Authority- in this special, unique and peculiar matter.

The assigned attorneys for Appellee (Austin County) who brought forth this matter have attempted to make a political determination of Appellant's status by converting Appellant from a "people"; a woman, into becoming a "person"; an artificial entity for purposes of obtaining jurisdiction that this Court is not granted, to which Appellant objected[34], having provided averments with evidence to the contrary, which were ignored. The failure to uphold the clear and plain provisions of our Constitution cannot be regarded as mere error in judgment, but deliberate usurpation. Usurpation is defined as unauthorized arbitrary assumption and exercise of power. No authority need be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable. It is the Plaintiff's job to set Jurisdiction and to prove the Court has jurisdiction when challenged, prior to proceeding. The Judge cannot just "find it has jurisdiction" without evidence proving so being on the face of the record.(See V.1;P.78:Line 22-35)

---

[33] Table of Authorities: A.17; Bates §116 Due Process of law defined;  and A.36
[34] Table of Authorities: A.30; Pomeroy on Controversy (4 Eq. Jur. [3d Ed.] §1362

Judge Steinhauser(A.23) has *presumed* that special and peculiar matters to be no different than any other tax matter, (for which he is well versed in *at law* arguments), despite overwhelming evidence documenting otherwise. The standard fundamental rule that the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted- be clearly disclosed and adequately sustained, and that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained. Even after the Judge's Order was signed, Appellant challenged the mode of Jurisdiction; Judicial or Administrative, which Judge Steinhauser refused to answer for the record.

12.    This appeal of the refusal of Judge Steinhauser(A.23) to recuse himself, for the biased (A.10) disregard of his duty; to be a Trier of facts[35] on the record, to provide honest and diligent performance pursuant to his Oath of Office, relative to his duty in services rendered with equal regard to the citizenry he serves.

13.    The unique defense and evidence being in their possession, on the Court's record, sworn to by Affidavit; Appellees knew or should have known, that this matter is special and peculiar because of perfected title. In Appellant's research of Austin County Clerk's records, it was found that there are *only three (3)* patent titles recorded with County Clerk(A.23), with grantee being "The Republic of Texas", in ALL its Austin's Colony/Austin County records, which is rather curious, Stephen F. Austin being the father of Texas; Ruby's Lis Pendens[36] being one of those three,

---

[35] A trier of fact, or finder of fact, is a person, or group of persons, who determines facts in a legal proceeding, usually a trial. To determine a fact is to decide, from the evidence, whether something existed or some event occurred.[1] Various aspects of a case that are not in controversy may be the "facts of the case" and are determined by the agreement of the separate parties; the trier of fact need not decide such issues.   https://en.wikipedia.org/wiki/Trier_of_fact
[36] Exhibit 2.10, Clerk's Record, Vol. 2, Pages 245-264

listing Appellant as grantee. When you consider the fact that *possibly* no people other than Ruby have perfected title to either Deed, or Patent, completing the offer to contract - bargain, sale and conveyance of land, by signing- acknowledging and accepting the offer; This aspect alone brings a different perspective, making the status of Appellant's land title very special, peculiar and unique.

14.    The public office each Appellees holds, requires them to be trained, and to know their duty to the citizenry they have oaths of office to serve; having a bond[37] to indemnify their actions. These solemn Oaths swear to uphold the Constitution of Texas, and the Constitution of the United States of America, and the laws of the land.

Appellant has acknowledged and accepted their Oaths(A.23), obligating their performance to uphold their Duty as an *in personam* equitable trust arrangement. Their legal counsel has the fiduciary duty to know the law, to advise their clients of special and peculiar differences between *this* special and unique matter, as opposed to *other* tax cases of unperfected property held *under color of law*, by statutory U.S Citizens. Land rights derived from superseded sovereign governments are not cut off upon cession to succeeding government, but possess land rights accruing and vesting at the time of said conveyance and transfer of right and title- standing in full force and effect today. Any cession of territory from one sovereign to another passes the sovereignty only and does not interfere with private property(A.22) already ceded;  A cession of territory by a government [by Annexation] does not constitute a cession of private land already being held by people domiciled in that territory; Upon transfer of sovereignty of a country, those peoples are protected in

---

[37] Table of Authorities  (A.15;17)Judicial Power ..... as distinguished from executive and legislative power....

the possession of their private land, as seen in the Articles of the 1845 Texas Constitution. Such is the law of nations even in cases of conquest.

15. Judge Steinhauser has not required Jurisdiction to be proven on and for the record in his court; having failed to read Appellant's jurisdictional challenges, her defenses, nor permitted her to read into the record her (V.1;P.103:Line7-8)defense[38] with or without interruption; her intent and purpose to perfect her defense for appeal if needed.

Judge Steinhauser ordered all Appellant's documents to be entered into the Court's Record as Evidence, (V.1;P.98)and stated on the record that he would take Judicial Notice of all Appellant's filings(V.1;P.99); *yet just moments later*, presuming to understand the substance of the matter enough to sign directed order submitted by the *plaintiff, (See CourtTranscript: V.1;P.107:Line12-19)*whose testimony (Just Codes; not properly enacted Law or Constitution) was deemed to be the only one worthy of consideration[39], on a matter he has not diligently considered Appellant's facts as they relate to the law[40]. Judge

This critical issue of passing judgment for Austin County without understanding the substance of Appellant's defenses provides evidence of prejudice and bias (A.10) to Appellees- Austin County; and is therefore not only failing to perform his duty *at law*, which he is already familiar with, but is presumed by Appellant to not exert himself to perform extra diligence (A.43) to familiarize himself with the fine art of Equitable Principles and Equity Maxims, along with historical land law- to apply to Appellant's new suit in Exclusive Equity, for which

---

[38] Appellant was attempting to read her defense from Notice of Right: Clerk's Record Vol. 1, Page 151-202 and Vol.2, Page 109-157
[39] Table of Authorities: A.10 God's View of Respect of Persons; Partiality
[40] See Findings of Fact and Conclusions of Law (V2; P 223) and Void Judgment (V2; P 265)

Appellant has required a Master of Chancery to hear and apply Equitable principles to Equitable Trust Arrangements of the parties.

16.    Judge Langley(A.23), in his initial review of Appellant's Application for Change of Venue[41] / Recusal of Judge, stated he had read all Appellant's documents (several inches thick), but required more "exhibits" to support Appellant's claim of bias (A.10) and want of equal regard….. Appellant then produced another 358 pages(A.1;P33-391) in amended Application for Reconsideration on the Matter of Recusal of Judge, showing overwhelming support of her affirmative defenses being in the Court's possession, but not given any diligent consideration by Judge Steinhauser in his repeated order for Austin County. Although Judge Langley denied  Appellant's amended petition, Appellant believes in good faith (A.36 10: Equity requires Diligence, Clean Hands and Good Faith), that Judge Langley's denial, was for Appellant's benefit, to remove her case/suit up into the Appellate Court, and providing the change of venue Appellant petitioned for.

17.    Appellant has invoked Rule 171[42] to have a Master of Chancery to hear her special suit in exclusive equity, on Specific Performance of a Contract, which is a Texas Rule of Civil Procedure to be invoked for matters set to be heard in the Special Equitable Jurisdiction, for Trusts and other  private and special matters in exclusive equity.

Since June 2017, the 155th District Court has refused to appoint a Master in Chancery to hear this matter, which Appellant had called and set to be heard on 19

---

[41] Exhibit 4.15 Motion for Change of Venue / Recusal of Judge; Clerk's Record (V1; P 3)
[42] Exhibit 1.2   Amended Application to Invoke Rule 171; Clerk's Record (V1; P 27)

September 2017, but which was canceled because of Appellant's Appeal of Judge's Langley's Order denying Appellant's Petition for Judge Steinhauser's Recusal.

Appellant seeks relief by the Court, to appoint a Master in Chancery (V.1; P.27) with the specified skills required as requested to hear this special and equitable matter to receive complete justice with good reason and good conscience. Appellant claims she has a Conflict between Law and Equity in this unique and special matter of private land conveyed by contract with the last President of the Republic of Texas, Anson Jones, and invokes the Judicature Act of 1873 / 1875 in this matter, which states in Section 25 (11.):

> *(11.) Generally in all matters not herein-before particularly mentioned, in which there is enumerated any conflict or variance between the Rules of Equity and the Rules of the Common Law with reference to the same matter, the Rules of Equity shall prevail;*

and further confirmed in 1 Pomeroy's Equity Jurisprudence [5th ed.], p xxiv.

> *"Generally in all matters in which there is any conflict of variance between the rules of equity and the rules of the common law, with reference to the same matter, the rules of equity shall prevail."*

Appellant requires equitable Subrogation to stand in the shoes of Austin County, and the State of Texas in the matter or rights; as she is the surety, secondarily liable, having paid the debts of the debtor under compulsion[43] to the creditor, to prevent threat of loss of Trust property (auction of home); and further,

---

[43] Bank Money Order No.1671302311 for $8,540.00, stipulating involuntarily tendered under protest; peonage ; on or about 28 May 2015, incorporated by reference and made a part thereof. This is ***in addition to*** 13 March 2013 involuntarily tender of Currency conveyed by Registered Mail RR 693 924 421 US to Michael J. Darlow, in a Statement Of Asserted Facts Upon Payment Application, noticing him that keeping currency notes without first providing proof of jurisdiction would be evidence of fraud; incorporated by reference and made a part hereto.
To be seen by request of Judge in Chambers.

Appellant requires the Court to order performance of duty, to order a complete forensic accounting(A.38), to follow the *res* back to the beginning, on both sides of the ledger; requiring all the chattels, bonds and instruments in connection with all trusts, primary and all resulting......

## APPEALS SUIT 01-17-00716-CV

### JURISDICTIONAL PROOFS AND CHALLENGES:
### CAUSE TWO: RECUSAL

This Appeals suit 01-17-00716-CV also encompasses historical evidence supporting Appellant's petition for change of venue / or recusal of the judge for cause of civilian due process protection violations on three prior related *at law* causes, for which Judge Steinhauser declined to recuse himself. Appellant appealed and was heard by Judge Langley initially in this recusal matter, but denied for lack of exhibits. Appellant then amended her pleading to include more than 400 pages of exhibits as evidence, to show she has exhausted her administrative remedies; most all historically *'at law' exhibits will provide* evidence to show Judge Steinhauser repeatedly rules with bias; not seeing any need to read the *substance* of the matter, nor give honest consideration of Appellant's special and unique defenses, evidence; most all filed into the court with signed affidavit; choosing instead to sign directed orders by Austin County's counsel, without any diligent review of Appellant's facts as they apply to law, nor equitable defense in these special and unique matters, demonstrates bias.

For Judges to rule on matters not read nor heard( see footnotes 45-47) which provide evidence of lawful foundation supporting defense; when a Judge's position requires a duty to know that the government loses jurisdiction once a valid land

patent/grant was issued; This disregard demonstrates evidence of bias (A.10) and prejudice to Austin County, whose Court this Judge presumes, but has not proven, jurisdiction in. The court (both attorney and judge) know the law; that contracts between the government and individuals where land is ceded and relinquished of all right and title without reservations, possessing continuing obligations; Contracts that are Constitutionally protected - but who refuse to acknowledge these truths, nor allow Appellant's evidence provided to come to light unhindered by interruption and denial of adequate time to argue, amounts to obstruction of justice.

The law provides that Jurisdiction can be challenged at any time, and once Jurisdiction has been challenged it cannot be assumed, as all jurisdiction facts related to the jurisdiction asserted must be affirmatively proven to exist *on the record.* Austin County's Counsel possessed the prerogative to set jurisdiction in her initial suit filed with the court, but failed to do so, nor did the sufficiency of her pleadings provide proof positive of possession of same.

Austin County and their counsel have gone to the extreme: to petition the Attorney General(A.23) of Texas to protect Austin County's Chief Appraiser(A.23) from being deposed to provide discovery to Appellant.... under the auspices that questioning regarding untrue statements made by Chief Appraiser in the Review Board hearing would be a breach of Attorney-Client privilege. In both Appellant's Review Board hearings; in First (1st) hearing, the recording provided to Appellant was at such an extremely low inaudible level, that it could not be heard at max volume, necessitating Appellant to hire church's sound system man to re-record the track. On the second (2nd) hearing, Chief Appraiser claimed the recorder "failed", and no recording was available. This deliberate concealment of evidence to be used to document Austin County's failure in upholding Congressional Intent in this contractual matter relating to jurisdiction, is significant. The harassment of

Austin County, *et al.*, without disclosing evidential proof on the record of the mode of acquiring jurisdiction, their standing and authority in which this agency is acting, is a Breach of Trust, as Appellant has been challenging jurisdiction for over six years.

Appellant has said as much in her three appearances in Austin County's Commissioner's Court (to which Chief Appraiser reports and is answerable monthly to), beginning with a *Writ of Quo Warranto*[44], which Austin County Judge Tim Lapham(A.23) refused his duty to address or respond to - disregarding challenge of Jurisdiction; which led to *09 February 2015's talk at Commissioner's Court Pages 3-16;* then Appellant's serving a Notice and Demand *09 March 2015; Pages 3-44; (incorporated by reference and made a part hereto*[45]) for providing authority, which eventually initiated a written 'threat' of prosecution for "simulating a legal process" by Austin County's District Attorney, Travis Koehn(A.23); the same DA that insisted on sending all Appellant's Patent Assignments to Texas Attorney General's Office under Greg (A.23)Abbott's tenure, for review and legal determination prior to recording with Austin County Clerk(A.23). As he was told by Texas Attorney General's office that all was in order; twice for patent assignment, and once for confirmatory patent; and instructed to have Appellant come record patent assignment instruments. Travis Koehn(A.23) is very aware that Appellant is correct in her assertions, yet refuses to help protect her land rights.

No court has authority to determine its own jurisdiction, for the core issue in any case before a court is its power to act, and a court must have the initial authority to decide that question in the first instance. Any departure by a court from these doctrines

---

[44] All documents, communications provided to and from Austin County Commissioner's Court are herewith included by reference, and made a part thereof by reference
[45] Appellant has certified copies in her possession of Commissioner's Court Minutes incorporated by reference above, which can be seen by request in Judge's Chambers.

established as requirements of law, however close they appear to adhere in mere form / method of procedure, has the effect of depriving one of their constitutional rights, and is evidence of excess of jurisdiction. When a court fails it's duty to observe constitutional safeguards, it amounts to violation of due process of law (A.36 & A.17 §116 ), and a court is deprived of jurisdiction. The law requires proof of jurisdiction to appear on the record in all administrative proceedings. The foundational doctrine that the constitutionality of a legislative act is open to attack - only by those whose rights are affected thereby, the validity of which may not be called into question in the absence of a showing of substantial harm, actual or impending, to a legally protected interest directly resulting from the enforcement of the statute.

*Maxim: "Equity follows the Law"* and *"Equity will not complete an imperfect gift"*

Appellant possesses impending, and actual substantial harm, [a] in loss of monetary property [b] her family's home and estate in land which she had been challenging the mode of acquiring jurisdiction in this special and unique matter of land for already three plus years at the time of the first hearing in 2014, without addressing lack of proof required by Austin County, *et al.* of authority or jurisdiction. Appellant's *intent* (A.37;41;42) is scribed into the Declaration of Assignment of Patent, as well as in the Confirmatory Patent, where Appellant's two daughters are named by name as written into the Patent Assignment Acceptance, showing intent and purpose to permanently domicile on this estate held in land, with no intent to have it appraised for retail purposes to sell and convey to another. It is demonstrated being ***non-commercially*** domiciled on Texas Nation State soil; as a Private Trust Sanctuary Estate, first and foremost granted by our Creator, the Sovereign Lord God Almighty; this being our foundational private Trust relation with our Creator, as *stewards and caretakers* of our Private Trust Sanctuary Estate, being Covenantees to the Land Covenants running with the Land in Equity; being trust *res*;

*Maxim: "Equity abhors a forfeiture"*

As these numerous exhibits are compiled within Volume One of Clerk's Record, listed by date filed, initially focused on the Primary 2017v-0103 suit in equity, but which include the Recusal pleadings including seven years historical evidence supporting this recusal effort, *it may seem* that Appellant co-mingled law with equity in Clerk Index; but *within her 2017v-0103 equity suit, it will be seen* that she has not.

In this ***01-17-00716-CV*** Appeals matter, Jurisdiction is set firmly in One of the courts of the United States, as laid out under the constitution and laws of the United States, in Exclusive Equity with Constitutional Judicial Powers required by Appellant, as her unique and peculiar unenumerated rights endowed by God cannot be seen in a court at law, and there is no other means for Appellant to receive complete justice and full relief, with good reason and good conscience, pursuant to the *Judicature Act of 1873/1875 Section 25 (11.)herein referenced, and invoked and incorporated by reference. (11.) Generally in all matters not herein-before particularly mentioned,* **in which there is enumerated any conflict or variance between the Rules of Equity and the Rules of the Common Law with reference to the same matter, <u>the Rules of Equity shall prevail</u>.** The Constitution itself declares **'that the judicial power (A.15;17)shall extend to all cases arising under the Constitution and laws of the United States.'**

The record will show that as Judge Steinhauser(A.23) stated several times for the record that he had not read Appellant's pleadings, notices, and challenge to the jurisdiction of the court to hear this special matter; but chose to proceed without having proven authority to do so. There is ample evidence to show Judge's bias in [a] his failure to regard Appellant's challenge to the undocumented jurisdiction of the court to be proven by Appellees *prior to* proceeding, [b] neglecting to consider

the substance of Appellant's evidential arguments and failure to perform his duty to provide equal regard to Appellant, to give honest evaluation of all evidence provided to the court from both parties[46] without prejudice, [c] Judge's bias[47] in having his mind made up prior to even coming to court,[48] having signed a directed order from County's Counsel, without having heard Appellant's defenses [d] obstructing Appellant from articulating her many written and oral arguments and defenses without interruption, on and for the record; and his disallowing time, first - to establish her defense, and second - to perfect her record for appeal if needed; are seen as immaterial to make Judge's determination for Austin County, (possibly to provide his lower court's plausible deniability pursuant to being bound pursuant to numerous supreme court *stare decisis* cases relating to patents, grants and contractual obligations). [e] While Appellant's pleadings were admitted in their entirety as evidence into court record, which further, Judge stated he would take Judicial Notice of, but just moments later, stating he was ordering judgment for the Plaintiff; This is well documented in Appellant's amended 'Findings of Facts(V.2:P.223-244) and Conclusions of Law' [f] *Austin County's* Court Reporter *refused to index her record*, despite Judge Steinhauser admitting into the court record all Appellant's Documents as evidence in its entirety. This being so, Appellant not knowing what to do, as she was not availed of her rights relating to her defense being un-argued in the record, and un-indexed as evidence by Court Reporter. [g] Appellant filed Notice and Demand for Findings of Fact and Conclusions of Law(V.2;P.160-222); then a Void Judgment(V.2;P.265-293)[49] into the 155th District Court, *also sending a courtesy copy to the 1ˢᵗ and 14ᵗʰ Appellate Courts for their awareness of what was going on below*. [h] Judge Steinhauser ignoring Appellant Jennifer's 29 April 2016 initial Notice of Non Statutory

---

[46] Proverbs 18: 17 The one who states his case first seems right, until the other comes and [cross] examines him.

[47] Proverbs 18: 5 It is not good to be partial to the wicked or to deprive the righteous of justice.

[48] Proverbs 18: 13 If one gives an answer before he hears, it is his folly and shame.

[49] Gibson §25 All suits to have *void* judgments so declared, and to avoid voidable judgments.

Abatement 2015V-0152(V.2;P.302-316); Appellant Kim 12 September 2016 Non-Statutory Abatement on 2015V-0152 (V.2;P.487-501), 06 September 2016 Notice of Default on Non Statutory Abatement (V.2;P.477-486) served in Judge's Chambers Registered Mail 693914877US; Attorney: Registered Mail 693924903US; 19August 2016 Show Cause (V.2;P.322-329); refusing Appellant's first and only petition for continuance in Cause 2015V-0152 for reason of infectious respiratory influenza; Judge knowing Appellant had required trial by jury, rushed to sign summary judgment (V.2;P.522-559) order by submission for Austin County, despite Appellant's Objection and Amended Objection to Motion for Summary Judgment (V.2;P.560-568); ignoring Appellant's 09 August 2017 Application for Interlocutory Decree [scriber's error captioned 2014V-0134] for 2015V-0134 (V.2;P.570-573); 11 September 2017 Defendant's Notice to Quash Plaintiff's Amended Motion for Summary Judgment for want of Privity, Standing and Jurisdiction as Evidence by Default of *Pro Confesso/ Subpoena Dues Tucum* (V.2;P.574-578) again [scriber's error captioned 2014V-0134]; without any hearing nor the trial by jury of Appellant's peers which was already ordered and paid for; therewith violating her civilian due process protections.

Appellant then filed a Notice of Acknowledgment and Acceptance of All Evidence- on and for the record into suits 2015V-0134[scriber's error captioned 2014V-0134]; 2015V-0103; and 2017V-0103; V.2;P.579-581; 15 September 2017, followed by a Motion to Dismiss - 2015V-0134 (V.2;P.582-597); All ignored. Appellant has filed *Notices of Interest* for 2014V-0134; 2015V-0134;and 2015V-0103, giving 21 days to repudiate my claim to docket number. No response.

Maxims: " *No one can take advantage of his own wrong; Equity imputes an intent to fulfill an obligation*"

➤ Appellant initially filed a petition for a Master of Chancery to hear this 2017v-0103 equity suit in June, but it soon became apparent, that she was being set up for yet another (4th) biased display of presumed jurisdiction relating to the

matter of cause 2015v-0134;  It is standard to hold in abeyance a matter when a new suit has been initiated on the same subject matter. When it became apparent that Appellees were moving quickly to set Trial Date(V.2;P546-547) on cause 2015v-0134, while ignoring Appellant's Rule 171 for Master of Chancery(V.2;P.569) to hear these matters;  Appellant filed a Change of Venue / Recusal of Judge(V.1;P3-10), to stimulate some much needed objectivity to this cause, and a Amended Special Suit 2017v-0103 in October 2017.

> Appellee's defaulting on court subpoenas to put  all unaddressed challenges to jurisdiction; requiring them to file their evidence for mode of acquiring jurisdiction, standing and privity as required, in writing, signed under oath and penalty of perjury onto the court record.

*Maxim: "Equity will not suffer a wrong to be without a remedy"*

This then is the foundation for Appellant's petition for change of venue/ recusal of Judge Steinhauser from hearing this equitable matter, and being denied, she chose to appeal, as there is no other means for Appellant to receive complete justice with good reason and good conscience in this special and unique matter. Appellant is reaffirmed in her reason for setting Jurisdiction in exclusive equity, as her special and unique rights endowed to her by her Creator God cannot be seen by a Court of Law;

"Blinded Justice, with sword in one hand and scales in the other, condemning all in one scale and rewarding all in the other scale, is the divinity of the Courts of law. The divinity of the Courts of Chancery, on the other hand, is open-eyed Equity, having neither sword nor scales, wearing the breast-plates of good reason and good conscience, using both hands to remove all forms, cloaks, veils, technicalities and subterfuges, that conceal or distort the real facts and circumstances of the case before her, separating the pure grains of truth from the straw and chaff of fraud and artifice, and apportioning to each party, whether complainant or defendant, what in good reason and good conscience is his just due." Suits in Chancery by Henry R. Gibson, Book page 444. Footnote 31. Henshaw v. Wells, 9 Hum. 568. (A.21)

In Gibson's **'A Treatise on Suits in Chancery'**, §45 Maxim: Equity Regards that as Done which Ought to be Done. (4) the assignment of a thing in action gives the assignee all the rights of the assignor; and (5) in general, whenever a party, for a valuable consideration transfers, or contracts to transfer, any interest in any property, or in any rights of property, a Court of Chancery places the assignee, or vendee, in the shoes of the vendor as to all the interests and rights transferred, or agreed to be transferred... *Equity, treating that as done which ought to have been done, will consider land as redeemed when the redeemer has done all that was required of him, and the purchaser refuses to re-convey, or take the redemption money.* This maxim is nearly allied to another maxim, *No one can take advantage of his own wrong.* Hence, arrangements based on a valuable consideration are, in Equity, considered, in the interests of the person entitled to their performance, as performed, and performed at the time when, and in the manner in which, they ought to have been performed.

Nothing can call this court into activity but good conscious, good faith, and reasonable diligence(A.43). Where these are wanting, the court is passive and does nothing.

Every party should know and be able to provide evidence to support their claims regarding Jurisdiction, and Appellant's correction *via* perfected status of *species* of right and title. The Court's duty is to determine on which side is the balance of justice: to determine the assertions of the parties within a reasonable time of perfection of rights and title, and the claims of others pursuant to possession by right of privity to intervene; nor timely answering Appellant's challenge to jurisdiction by written, signed and sworn evidence on the record as proof of claim; without which, justice and equity may use latches and/or estoppel to bar the door.

# PRAYER

♦    Appellant seeks relief by the Supreme Court to Appellate Court, being an inferior court to Texas Supreme Court, to compel Appeals Court to sign order for a Writ of Mandamus to demand performance of duty in issuing the Assignment the Land Commissioner is both *authorized and required* to issue to the Assignee: that peculiar *specie* of Right and Title to Quiet Equitable Title, returning the *res* property of her trust as granted by Contract with Anson Jones, President of the Republic of Texas; This Trust *res* property being perfected *nunc pro tunc* to 09 October 1845 and governed by a Trust Indenture, which in part includes, but is not limited to, the pertinent Articles of the 1845 Texas Constitution. Appellant's legal title *by nature* being granted in Trust to the State of Texas, with appointment of Texas Governor and Texas General Land Commissioner as Trustees with Certificate of Trust noticed. It is her will, intent and deed - title being bifurcated; with legal title *by nature* granted in Trust by grantor/settlor to Texas State; retaining equitable title *by nature*, held and possessed for the benefit of the Beneficiary, according to good reason and good conscience, for the purpose of Complete Justice in this special and unique matter, to Appellant's Adult Name as Decreed in 2017L-6879, acknowledged and accepted as restored with consideration.

This duty of performance to issue the Assignment of Land Patent 246 pursuant to the Act of 03 February 1945 relates to the Specific Performance required by Appellant for her part and parcel of private land; for intent (A.37;41;42) and purpose to return the peculiar *specie* of right and title as granted- redeemed back as Trust *Res* property belonging to the RR693924673US-003.2 Land Trust; removing any encumbrances and obstacles blocking the enjoyment of Appellant's

possession of exclusive, proprietary, right, title, interest, in Beneficiary's equitable estate; and further,

*Maxim: "Equity imputes an intent to fulfill an obligation"*

◆     Appellant requires this Court to overlay Appellant's private Land Trust RR693924673US-003.2 with a Constructive Trust(A.29), for the intent and purpose of weighing the equities of the parties, finding and exposing the possible concealment and fraud perpetrated in this matter; and further,

*Maxim: "Equity will not allow a statute to be used as a cloak for fraud"*

◆     Appellant, as an Assign/Grantee/Heiress/Beneficiary/Surety/Subrogee, now requires this Honorable Court to appoint a Master, for the performance of the ministerial duty to order a full forensic Accounting (A.38) on both sides of the ledger; following the *res* back to the beginning. The fund, securities and transmutations to be set in an account for the use and benefit of the Beneficiary; which will remain under the oversight of Austin County Treasurer(A.9), for the prosperity and economic security of the same; and to require Specific Performance(A.26) of the Contract as written with intent (A.37;41;42) ; signed, sealed, delivered and acknowledged as accepted in 1845 Texas Constitution Articles functioning in part, as a Trust Indenture, *nunc pro tunc ab initio mundi*; and further,

See : *"Also, seek the peace and prosperity of the city to which I have carried you into exile. Pray to the Lord for it, because if it prospers, you too will prosper." (Jeremiah 29:7)*

◆     Appellant requires of the Court Three protective injunctions:

[a] the first injunction- relates to Austin County's continued pursuance of their unconstitutional tax, until the equities of the parties can be evaluated within a Constructive Trust (A.29) as required by Equity pursuant to the conversion of trust property;

[b] the second injunction- related to harmful slanderous false accusations (A.6) regarding Appellant by Constable(A.23) in Sheriff's Department, that have been admitted as unfounded, without evidence, to both Appellant and Texas Attorney General, but have refused to correct the Record. Appellant comes *quia timet*, requiring these accusations be exonerated, as they cause irreparable harm to the life and safety of Appellant, her family and friends. For safety of Appellant, family and friends, Appellant requires a Do Not Approach / Do Not Detain classification for herself and her family; with only exception of intentional harm done by Appellant to other people or their property.

[c] the third injunction - relates to the ongoing radiation of Appellant's domicile, both personally with regard to our health, and secondly with regard to trespass and gross violations of Appellant's privacy without warrant; the results of data mining, being sold for unjust gain by CenterPoint, to be immediately removed and restored to non-radiating analog meter without any fees, costs, or fines to Appellant; CenterPoint's acceptance of posted offer to contract confirmed.

♦ Appellant has requested this matter be sealed for the interests of the Appellant as well as the Appellee, to prevent comingling of private matters with the public, for the interests of Austin County and Texas State; and further,

♦ Appellant has requested that Judge Steinhauser be recused from hearing these matters, and that the Master in Chancery be assigned in his stead, to hear this special and peculiar matter of Specific Performance of a Contract- to be fully discussed in balance of pleadings.

This matter has been ongoing since 2011, and has required this non-attorney to remain at her desk most every day, to study, and write notices, and inquiries. The time expended in seven years has been enormous. Not only has Appellant's health

and that of her family been harmed, but relationships have been harmed, as husband, children and friends have not had the benefit of time that relationships require, nor does Appellant possess the optimistic, joyful expression as previous. Stress has irreparably taken its toll; time and loss of private trust funds have required re-assessment and re-appropriation.

May the Will of God be done here on earth as it is in Heaven…..

Respectfully Submitted,

BY: *Jennifer Ann Larkins - Ruby*

*Jennifer Ann Larkins -Ruby*, sui juris,
unincorporated, private civilian, not holding any public office;
*Complainant, Assignee/Grantee, Heiress, Covenantee, Beneficiary of Equitable Express Trust, Surety; secondarily liable, Subrogee, private Texan, and private American National; non U.S. citizen/ non-resident alien to Washington, D.C. and the corporate STATE OF TEXAS: In Personum*

C/O  General Post • Sealy, Texas
*Without* the United States
Email:  list@rubysemporium.org
Telephone: 713•204•3637

# AFFIDAVIT

1.  Affiant: Ruby, Jennifer Ann Larkins - commonly known as Jennifer. Her date of nativity is documented to be on the 18th of March, in the Year of Our Lord Nineteen Hundred and Fifty-Eight, at 7:08 P.M., in Saint Joseph's Hospital on the land known as Phoenix, Maricopa county, of the state of Arizona, and documented[50] to be a single birth of a white female.

Shortly after Affiant's nativity, a Certificate of Live Birth (COLB) was filed with Maricopa County, Arizona, registering Affiant's live birth; who by Operation of law, said (COLB) became an artificial person, also serving as a registration of property of the State of Arizona. As a result of the "Emergency Banking Relief Act" (12 USC 95a) and President Roosevelt's Proclamation 2040 of 09 March 1933, imposing temporary military government, said registered property was seized by the Commander in chief for his usufruct and Appellant being given the name of "JENNIFER ANN LARKINS" by Texas state.

Affiant is Grantee/Agent, Principal and Surety; secondarily liable; STATE OF ARIZONA, issued organization named JENNIFER ANN LARKINS-RUBY file No. 102:58-005487, being granted and decreed Adult Name Change 2017L-6879, 04 October 2017 in response to a petition, desiring to restore her name to the Christian name given her as a baby girl at birth by her lawfully wedded parents[51]: Jennifer Ann Larkins, properly spelled in upper and lowercase letters conforming to rules of proper English grammar;

By marriage, Jennifer Ann was given her husband's family name, Ruby; by further operation of *law*, Petitioner was deemed to be a volunteer surety/trustee and in union as one individual with artificial person, "JENNIFER LARKINS RUBY" or, "JENNIFER L. RUBY", to the exclusion of "Jennifer Ann Larkins" or "Jennifer

---

[50] Double Authenticated Birth Certificate, under seal, entitled to full faith and credit (copy of original possessed by Petitioner)
[51] See Father's Original Affidavit Hereby Attached to Petition for Adult Name Change 2017L-6879

Ann Ruby"; who, becoming aware of this situation in court case 2014v-0141, *relating to attempting to attach jurisdiction*, which Affiant protested; Affiant, by means of an equitable trust[52], which included a "Release without Consideration", released and disclaimed all legal interests of suretyship and trusteeship in said artificial person/quasi-corporate sole, "JENNIFER LARKINS RUBY"; to *remove all Minor disabilities found as attached to Petitioner's true status and capacity (adult/age of majority/grantee)*[53]

Affiant further demonstrates her purpose for Petition for Name Change in bullet points- A through I listed below:

[All exhibits listed in footnotes in this Affidavit are incorporated by reference and made a part hereto by reference]

[A] Ecclesiastical status and purposes; a private sacred right endowed by Almighty Creator

[B] Replace present legal name, a "*nom de guerre*"/name of war unless her Constitutionally- protected, *de jure* citizenship status has been altered or modified by a legal event. A "*nom de guerre*"/name of war is the name carried by all American soldiers and is always spelled in ALL CAPITAL LETTERS. Petition was never in military, and has always been a private American Citizen[54]. Petitioner is reverting to her original given birth name; providing for inter-changeable legal name options [ as surety; beneficiary, etc.]

[C] Simplification of *Stylization* and *Formality* /of caption of name according to the rules of English grammar.

[D] Prevent identity theft and any potential fraudulent presumptions or assumptions of assigned name.

---

[52] Constructive Notice Duly recorded in Colorado County, Texas 02-05-16 FILED 12:28 pm, Vol. 802; Page 520- 568 :  Jennifer Ann: Ruby

[53] Name Change Petition included by reference and made a part hereto.

[54] Defense Information Systems Agency Letter of 07 April 2016  (copy of original possessed by Petitioner)

[E] Petitioner is an adult, self-governing[55], and in no need of *Parens Patriae*/ Guardian-Ward relationship.

[F] To be made whole, to abate further or false claims and presumptions of being missing, or wrongful death

[G]Restore inherent equitable status, taking responsibility and control of absolute title to/of securities, real and personal property and estate.

[H]Petitioner is not a corporate person or entity

[I] Correct any Administrative errors or presumptions on the public record.

Affiant is now and forever known as Jennifer Ann Larkins - Ruby, good against all the world; and who being present, alive and well to this day, is a Private Texian, a Private American National, privately domiciling non-commercially on Texas state, "outside the District of Columbia, Puerto Rico, Guam, and the Virgin Islands of the United States, within a non-military occupied private estate not subject to the jurisdiction of the "United States," " for over 50 years.

2.      **Affiant's** domicile is *near* 4381 Morning Dove Lane, *without* the City of Sealy, Texas on land She's perfected oldest, exclusive, superior title on, now expressed as **R693924673US-003.2** Private Land Trust.

3.      The research and history of Land Law pursuant to Letters Patents and Land Grants being performed by Affiant; She possessing firsthand knowledge of the facts stated as personally researched for the past 7 years for intent and purpose to document and validate historical premise and work out affirmative defenses.

4.      Affiant is *Not* the principle debtor in *any* commercial transaction concerning this private land; instead, Affiant is the Surety; secondarily liable, paying the debts of the debtor under compulsion to the creditor; Affiant being subrogated to the rights of the creditor, to stand in the shoes of the creditor, Austin County, *et al.*, the State of Texas, as well as Austin County Appraisal District, as successor to the

---

[55] See Legal Notice in Sealy News with Publisher's Affidavit, run for 3 weeks, without superior claim of Ruby's perfected title to that of the Rubys' to 3rd Party Witness Notary, supported by Notary's Affidavit (perfected title extinguishes imperfect title)

superseded nation government, the Republic of Texas; lands granted being acknowledged, confirmed and validated are entitled to full faith and credit in this matter; good against all the world.

Notice: Affiant's substantive *intent* shall be deemed superior to *form* throughout this entire document sitting in pure exclusive equity jurisprudence.

**A**ffiant declares that the foregoing is true and correct.

As God is my Witness,

By:..*Jennifer Anne Larkins - Ruby*........ agent without recourse,
without prejudice
of/for/by

JENNIFER ANN LARKINS - RUBY unincorporated, of Arizona, State of, Principal, Private Trust No RR 693 924 673 US - 001

## Public Notary Acknowledgment

Use of public notary is for signature identification and acknowledgment only and does not imply or grant any jurisdiction or traversal into the public venue; the living (wo)man who has applied his/her autograph as his/her living seal hereinabove has done so in his/her private capacity and not in any way as an adhesion to unrevealed contracts or compelled benefits. Use of Public Notary is strictly by restricted visitation with preservation of all Rights and Equitable Interests within the Maxims of Equity and Exclusive to American/English Jurisprudence.



**The Declaration of Independence** *at Large*, 4 July 1776
**The united states of America** *at Large*, 15 December 1791
**Austin's colony** *at Large*, established 1821
**Republic of Texas** *at Large*, 2 March 1836
**Texas state** *at Large*, 29 December 1845

**Scribes and Affirms**

### AFFIDAVIT

BE IT KNOWN, that on the 22ND Day of March Two Thousand Eighteen before me, a Notary Public, duly authorized, empowered and admitted to take acknowledgements, comes by special restricted visitation Jennifer Ann Larkins - Ruby, within named, and acknowledges the above Appeal Brief to be her sole freewill Act and Deed for the uses and purposes therein expressed.

IN TESTIMONY whereof I hereunto set *my* Hand and Seal this Day and Year last aforesaid.

Notary Public signature

_____

Notary Commission Expiration Date 3 / 10 / 2020

DORA MARTINEZ
Notary ID # 2229528
My Commission Expires
March 10, 2020
(Seal)

# CERTIFICATE OF COMPLIANCE

Appellant, not being an attorney, and this suit being lodged in exclusive equity, as opposed to statutory, may not be in strict conformance of statutory guidelines. However, a judicially powered court of equity can reform the instrument according to good reason and good conscience. A court of equity must always aim to set upon broad principles of justice, disentangled as much as possible from little technicalities. Equity looks at things as they are, and deals with them regardless of mere forms or appearances.

Appellant's intent and purpose is to comply with the general typeface size, for ease of reading, and has *in good faith tried* to keep her main brief as concise as possible; with respect to exceptions as stipulated in 9.4 Form; (i); (l) (1) Contents Included and Excluded.

In calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted *except* the following:

> caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix....aprox.13,730 words subtracted from 23.279 = 9549 (I believe in good faith to be in compliance of 15,000 words if computer generated);

leaving supporting documentation being *directly tied into Exhibits (clerk's record) and other supplemental documents incorporated by reference as necessary* to provide evidence of good faith as needed to support six (6) *plus* years of equitable notices to Austin County, *et al.*, CenterPoint Energy, Texas Governor and Texas General Land Commissioner as condition precedent requires, with clean hands addressing:

> ◆2 active suits; one in equity - which requires additional foundational authorities, addressing multiple Appellees;

◆2 inactive suits requiring readdressing for challenge to the Jurisdiction, along with voluminous references to previous notices/pleadings to court, showing equitable notice given, un-rebutted; as well as

◆the additional burden of supporting the Motion for Change of Venue / Recusal of Judge, to be replaced by a Master in Chancery.

The amount of substance being addressed is prima fascia evidence for cause of the Layout of the Brief, and any words and page discrepancy.

As this writer is not an attorney, it is beholden upon the Court to view the *substance* of the document, and not the *form* in which it is presented. This writer asks for the court's grace in the matter, if the form is not as typically presented (A.14). Appellant gives Notice of Judicial Cognizance of the *intention of the maker* is the soul of the instrument; let no man derive pleasure, profit, gain infamy, or unclean hands by manipulating the Maker's words averse to her intent (A.37;41;42) - expressed in writing….

My hope and prayer is that any mistakes may be corrected by a kind and equitable hand.

Thank you for your kind consideration,

*Jennifer Ann*

Jennifer Ann